STATE of Minnesota, Respondent,

v.

Leonard Lloyd RUDOLPH, Ralph J. Miles, Milburn L. Miles, Appellants.

Nos. 49039 to 49041.

Supreme Court of Minnesota.

Dec. 14, 1979.

Ryan, Ryan, Ebert & Ruttger and Thomas J. Ryan, Brainerd, for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Norman B. Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, County Atty., Brainerd, for respondent.

ROGOSHESKE, Justice.

Defendants, who were found guilty of illegal shining for wild animals, a gross misdemeanor, Minn.Stat. § 100.29, subd. 10 (1976),[1] contend on this appeal from judgment of conviction that the evidence of their guilt was legally insufficient, that the statute, as applied to them, is unconstitutionally vague, and that the trial court committed prejudicial error in excluding certain evidence which defendants contend bore on whether their purpose in shining was an improper purpose. We affirm.

Conservation officers, who had established nighttime aerial and ground surveillance of an area in south Crow Wing County for the purpose of detecting hunters illegally shining for wild animals, observed the pickup truck in which defendants were riding being driven slowly through a field while one defendant shined a separate spotlight on the field. After about 10 minutes, the officers on the ground stopped the truck and, after observing two uncased high-powered big game rifles within the cab, arrested defendants and seized the rifles, the ammunition which defendants had just removed from the guns, the spotlight, and a third gun found under the seat. This prosecution followed.

At trial, defendants claimed that they were looking for a stray dog which they had observed chasing Rudolph's cattle and that they had no intent to spot or shoot deer or any other wild animals. In support of this, defendants testified concerning the serious problem caused in the area of defendant Rudolph's farm by stray dogs and defendant Rudolph's loss of poultry to the dogs as well as other farmers' loss of livestock. Defendants also called a number of neighbors who testified that there was a serious problem and that meetings had been held concerning the problem. However, the trial court refused to permit the neighbors to testify concerning any losses they sustained.

---

1. Minn.Stat. § 100.29, subd. 10 (1976), reads as follows:

    It shall be unlawful to throw or cast the rays of a spotlight, headlight, or other artificial light on any highway, or in any field, woodland, or forest, for the purpose of spotting, locating or taking any wild animal, except raccoons when treed with the aid of dogs, while having in possession or under control, either singly or as one of a group of persons, any firearm, bow or other implement whereby big game could be killed, unless the firearm is unloaded in both barrels and magazine and completely contained in a gun case expressly made for that purpose which is fully enclosed by being zipped, snapped, buckled, tied, or otherwise fastened with no portion of the firearm exposed, and, as so enclosed, the firearm is contained in the trunk of the car with the trunk door closed * * *; provided, however, that if the vehicle has no trunk, the firearm or bow must be placed in the rearmost location in the vehicle. When artificial lights are used to take raccoon when treed with the aid of dogs, the rifles used to take raccoon shall not be of a larger caliber than .22 rim-fire, and shotguns so used shall only contain shells with shot no larger than No. 4. Artificial lights to take raccoon when treed with the aid of dogs shall be legal.

■ Our examination of the record reveals that the evidence of defendants' guilt was not, as defendants contend, legally insufficient. Recently, in *State v. Richards,* 284 N.W.2d 549 (Minn.1979), we sustained a conviction of illegal shining on evidence of similar strength, and we again do so. Here, as there, the defendants offered an excuse at trial for what they were doing, but the jury was not required to credit the defense testimony.

With respect to defendants' claim that the trial court erred in excluding the testimony of defendant Rudolph's neighbors concerning losses caused by stray dogs, we need not reach the issue of whether the trial court abused its discretion under Minn. R.Evid. 403,[2] because it is clear that defendants were not prejudiced by the exclusion. As we stated, numerous witnesses testified about the serious problem of stray dogs, several witnesses testified that meetings were held concerning this problem, and some testimony was admitted that Rudolph had lost poultry to stray dogs and that other farmers had lost livestock. Notwithstanding this evidence, the jury concluded that defendants were not shining for stray dogs on the night in question but were shining for "wild animals," presumably deer. Under the circumstances, it is extremely unlikely that admission of the excluded evidence would have substantially influenced the jury to acquit.

■ Defendants' only other contention, that Minn.Stat. § 100.29, subd. 10 (1976), is unconstitutionally vague as applied to them, is based on defendants' contention that "there can be no doubt" that they were looking for dogs, not for deer, and that under the circumstances their conviction was improper. One problem with defendants' argument is that the jury obviously rejected their evidence that their sole purpose in shining was to look for a stray dog rather than for a deer or other wild animal. Secondly, this court has already decided, in *State v. Suess,* 236 Minn. 174, 179, 183, 52 N.W.2d 409, 413, 415 (1952), whether the statute is unconstitutionally vague. There the defendants argued that the way the statute is worded "even a farmer could not use a flashlight or other light to locate a weasel or fox which was raiding his chicken coop." Rejecting this argument, we stated in relevant part that "[i]t is obvious that the statute is not aimed at the innocent act of a person protecting his property within the confines of his own domain." Here the defendants contended that they were simply protecting defendant Rudolph's property within the confines of that property, but the jury obviously rejected this testimony and inferred from the evidence that defendants' real purpose was otherwise.

Affirmed.

2. Minn.R.Evid. 403 provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.