**STATE of Minnesota, Respondent,**

v.

**Thomas Charles GALDE, Appellant.**

No. 51253.

Supreme Court of Minnesota.

June 5, 1981.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Barbara D. Gill, Sp. Asst. Atty. Gen., St. Paul, William V. Von Arx, County Atty., Caledonia, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of a charge of possession of marijuana with intent to sell and was sentenced by the trial court to 5 years probation, with the first 9 months to be spent in jail. On this appeal from judgment of conviction defendant contends that his right to a fair trial was prejudiced by (1) the trial court's refusal to suppress (a) evidence seized in a warranted search of defendant's residence and (b) statements made by defendant to arresting officers when they executed the search warrant, (2) the prosecutor's failure to comply with a pretrial discovery order, and (3) the trial court's refusal to order the disclosure of the identity of an informant who participated in a controlled buy from defendant. We affirm.

1. The police in this case, after talking with an informant who claimed he had made a purchase of marijuana from defendant and who described defendant and his apartment in detail, had the informant go to defendant's residence and make a "controlled buy." The officers obtained a search warrant on the basis of their observations of this controlled buy and the information which they obtained from the informant. The resulting search of defendant's apartment revealed a large amount (approximately 7 pounds) of marijuana. Defendant, who was present at the time of the search and was given a *Miranda* warning

before being questioned, admitted possessing marijuana and admitted selling about a pound, at $35 an ounce, to his friends in the previous week.

Defendant's contention that the warrant application did not establish probable cause to search is answered by our decisions in *State v. Yaritz,* 287 N.W.2d 13 (Minn.1979), and *State v. Hawkins,* 278 N.W.2d 750 (Minn.1979), both of which are in point.

■ Defendant's contention that the statements he made were the fruit of an illegal arrest is based on the United States Supreme Court's decision in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which held that the fourth amendment prohibits police, absent exigent circumstances or consent, from making a warrantless entry—that is, crossing of the threshold—into a suspect's residence in order to make a felony arrest. We have twice held that *Payton* should not be given retroactive application. *State v. Smith,* 305 N.W.2d 798 (Minn.1981); and *State v. Watts,* 305 N.W.2d 860 (Minn. 1981). Accordingly, defendant could not benefit from that decision, even if his arrest failed to meet the standards of the case. However, we note that in fact the entry in this case was not a warrantless entry but was a lawful entry to execute a search warrant. Under the circumstances, the *Payton* holding would not seem to be applicable even if it were to be applied retroactively.

■ 2. Defendant's contention that the trial court abused its discretion in failing to impose sanctions for the prosecutor's unintentional, nonprejudicial violation of a pretrial discovery order is meritless. *State v. Lindsey,* 284 N.W.2d 368 (Minn.1979).

■ 3. Defendant's contention that he was prejudiced by the trial court's refusal to compel disclosure of the identity of the informant is also meritless. If defendant had been charged with making a sale to the informant or if the state had elicited evidence of the sale at trial, then defendant would have been entitled to know the iden-

tity of the informant so that he could call him as a witness. *Syrovatka v. State,* 278 N.W.2d 558 (Minn.1979). However, defendant was not charged with making a sale and the state did not elicit evidence of the controlled buy. Rather, it was defense counsel who, for reasons of his own, deliberately chose to elicit, over an objection by the prosecutor, the evidence concerning the controlled buy.

Affirmed.