STATE of Minnesota, Respondent,

v.

Darrell Wayne SMITH and Clifford Harley Kittelson, Appellants.

Nos. 51737, 51738.

Supreme Court of Minnesota.

Dec. 17, 1981.

Ryan, Ryan, Ruttger & Drake and Criston L. Drake, Brainerd, for appellants.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, John R. Leitner, County Atty., Aitkin, for respondent.

TODD, Justice.

Defendants each were found guilty by a district court jury of the gross misdemeanor offense of illegally possessing a firearm while shining a light upon a field for the purpose of spotting a wild animal, Minn. Stat. §§ 100.29, subd. 10, and 97.55, subd. 9 (1978). Their sentences, which included time in jail, apparently have been suspended pending this appeal, which raises issues concerning the sufficiency of the evidence and alleged errors by the trial court in granting a pretrial motion to amend the complaint and in refusing to suppress evidence for violation of a discovery order. We affirm.

The state's evidence established that defendants shined a light into a field at night in order to spot a deer while possessing an uncased loaded deer rifle in their vehicle; indeed, the evidence established that they spotted a deer and shot it and were in the process of moving it when they were arrested by a conservation officer who had witnessed their conduct from a distance. The evidence was clearly sufficient to support the verdicts. *State v. Rudolph*, 289 N.W.2d 484 (Minn.1979); *State v. Richards*, 284 N.W.2d 549 (Minn.1979).

The state's motion to amend the complaint was made shortly before the jury was selected. As stated in *State v. Alexander*, 290 N.W.2d 745, 748 (Minn.1980), Minn. R.Crim.P. 3.04, subd. 2, provides for free amendment of a complaint before trial. Once jeopardy has attached the court may not allow any amendment which charges a different or additional offense or which prejudices the defendant's substantial rights. In this case the amendment, made before jeopardy attached, did not charge any additional or different offense—the trial court termed it a "housekeeping" amendment—and the record shows no prejudice. Indeed, the record shows that defense counsel rejected an offer of a 2-day continuance.

The only other issue concerns the trial court's admission of a drawing made by the conservation officer who arrested defendants which showed the tread marks observed in the snow after he arrested defendants. Defendants contended that this exhibit should be suppressed because the prosecutor had failed to provide defense counsel with a copy as ordered to do so by the omnibus court. While it appears that there was a violation of the rule, it was an unintentional, nonprejudicial violation. Defense counsel had an opportunity to see the drawing at the omnibus hearing and shortly before trial and the failure to provide defense counsel with a copy of this for his own use was an inadvertency. This case is therefore like *State v. Galde*, 306 N.W.2d 141 (Minn.1981). We emphasize, however, that we will not tolerate intentional abuses of the discovery process by the prosecutor and that we will not hesitate to reverse on this ground if the facts warrant it. *State v. Zeimet*, 310 N.W.2d 552 (Minn., 1981).

Affirmed.