STATE of Minnesota, Plaintiff,

v.

Gerald A. CHRYST and James Fager-
strom, et al., Defendants.

No. 81–1064.

Supreme Court of Minnesota.

June 14, 1982.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, for plaintiff.

Charles W. Rogers, Brooklyn Park, for Alexander.

Mary Ellen McGinnes, St. Paul, for Barbieri.

Richard D. Genty, Winsted, for Bergmann.

Stephen W. Walburg, Shakopee, for Bothun.

Phillip S. Resnick, Minneapolis, for Corey.

Ragnhild Westby, St. Paul, for David Ekstrum.

Karen Garvin, St. Paul, for Michael Ekstrum.

Patrick J. O'Meara, St. Louis Park, for Hall.

Aurelio P. Nardi, St. Paul, for Halling.

James Hunter, Minneapolis, for Hofstadter.

Mark S. Wernick, Minneapolis, for Rosbach.

Thomas J. O'Connor, Minneapolis, for Spasov.

Irving Nemerov, Minneapolis, for Thomas.

TODD, Justice.

Defendants are being prosecuted in district court on charges of felony theft by swindle for fraudulently selling motor vehicles after altering the odometer readings on those vehicles. Minn.Stat. § 609.52, subd. 2(4) (1980). The trial court denied defendant's motion to dismiss but, acting pursuant to Minn.R.Crim.P. 29.02, subd. 4, certified the matter to this court as raising an important and doubtful question of law. The certified question is whether the prosecutor had authority to charge defendants under the theft statute notwithstanding the fact that the legislature has enacted a statute dealing with odometer tampering and related misconduct.[1] We hold that the district court properly concluded that the prosecution for felony theft is not barred and we remand for trial.

■ Defendants are charged with theft by swindle for fraudulently obtaining the property of others by means of buying used cars, altering the odometers, "washing" the titles, then reselling the cars to dealers at an inflated price based on the lower odometer readings. They contend that instead of being prosecuted for felony theft they should be prosecuted for a gross misdemeanor offense under Minn.Stat. § 325E.14 (1980), which *inter alia* prohibits selling or offering any motor vehicle with knowledge that the odometer has been altered without disclosing that fact to the prospective purchaser. They base this contention on our decision in *State v. Kalvig*, 296 Minn. 395, 209 N.W.2d 678 (1973).

In *Kalvig* we affirmed the dismissal of felony theft charges against a defendant who allegedly fraudulently received welfare payments, holding that the legislature's enactment of a specific law making welfare fraud of the type alleged a misdemeanor indicated a legislative intent that all welfare fraud of that type be prosecuted as a misdemeanor rather than under the felony theft statute. We based the determination of legislative intent on the fact that the two statutes cover the same conduct. Since the

conflict between the two statutes was irreconcilable and since the rule in such a situation is that the more specific statute governs, we concluded that the prosecution pursuant to the theft statute was barred. We also pointed to a statement of legislative policy set forth in the welfare fraud statute at that time which supported our interpretation.

This case is different from *Kalvig*. As we stated in *State v. Olkon*, 299 N.W.2d 89, 106 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981), "[t] essence of a swindle is the defrauding of another of his property by deliberate artifice." That is, "the statute punishes any fraudulent scheme, trick, or device whereby the wrongdoer deprives the victim of his money or property by deceit or betrayal of confidence." *State v. Ruffin*, 280 Minn. 126, 130, 158 N.W.2d 202, 205 (1968).

The odometer tampering statute contains a provision that prohibits selling or offering to sell a car knowing that the odometer has been altered without disclosing that fact to the prospective purchaser. However, not all people who commit acts falling within this prohibition also violate the theft statute. One can sell a car knowing that it has been altered without disclosing that fact and yet not commit the crime of theft by trick or swindle, because the odometer tampering offense does not require intent to defraud or the obtaining of property that one would not have obtained but for the failure to disclose. Similarly, one can violate the odometer tampering statute by offering to sell a car knowing that its odometer has been altered without disclosing that fact, whereas the theft statute could be violated in this context only by a completed sale.

■ The basic rule is that absent legislative intent to the contrary and absent discrimination against a particular class of defendants, the prosecutor may prosecute under any statute that the defendant's acts violate without regard to the penalty.

---

1. Defendants' brief also raises another issue but the district court's order, as we interpret it, did not certify this issue and we do not address it.

*United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *State v. Walker*, 319 N.W.2d 414 (Minn.1982). In this case there is no reason to believe that the legislature intended to limit the prosecutor's discretion to prosecute the alleged conduct under the theft statute and we therefore agree with the district court's ruling and remand for trial.

Remanded for trial.