**STATE of Minnesota, Respondent,**

v.

**Dennis H. BLUHM, Appellant.**

**No. CX–89–1426.**

Court of Appeals of Minnesota.

June 26, 1990.

Review Granted Aug. 22, 1990.

Hubert H. Humphrey, III, Atty. Gen. and Louise T. Dobbe, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Deborah Ellis, Thomson & Ellis, Ltd., St. Paul, for appellant.

Considered and decided by LANSING, P.J., and PARKER and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Following a trial by jury, appellant Dennis H. Bluhm was convicted of conspiracy to sell and the sale of 10 grams or more of cocaine in violation of, among others, Minn. Stat. § 152.15, subd. 1(1)(ii) and sentenced to an executed term of 32 months. On appeal from the denial of his motion for a new trial, appellant asserts the trial court erred by allowing the state to amend the complaint together with its failure to instruct the jury on the essential elements of the new offense. Appellant also asserts the state's motion to amend the complaint was in retaliation for not pleading guilty. We vacate appellant's conviction under Minn.Stat. § 152.15, subd. 1(1)(ii) and remand for sentencing pursuant to Minn. Stat. § 152.15, subd. 1(2).

## FACTS

On September 13, 1988, appellant Dennis H. Bluhm was charged by complaint in Freeborn County with conspiracy to sell and the sale of cocaine in violation of, among others, Minn.Stat. § 152.15, subd. 1(2). Violation of section 152.15, subd. 1(2) occurs when any person possesses with intent to sell or sells cocaine in any amount not otherwise indicated by subd. 1(1). The statutory penalty provides for a maximum of 15 years imprisonment and/or a $40,000 fine for a first offense. Minn.Stat. § 152.15, subd. 1(2).

On April 12, 1989, jury selection began for appellant's trial. On that morning, before jury selection began, defense counsel asked the prosecutor whether there was any offer of a plea bargain the state could make. The prosecutor indicated that if appellant pled guilty to one of the two charges, the other would be dismissed. The prosecutor also indicated that either sentencing would be left up to the trial court or the state could recommend a six-month cap on jail time. Appellant refused the offer and defense counsel was informed that any offers would be revoked upon commencement of trial.

After several motions in limine not here relevant, voir dire examination began. Midway through voir dire, the trial court took its noon recess. During the recess the prosecutor, who was not the charging prosecutor, moved to amend the complaint to include violations of section 152.15, subd. 1(1)(ii) instead of section 152.15, subd. 1(1)(2). The proposed amendment charged appellant with conspiracy to sell and the sale of 10 grams or more of cocaine. *See* Minn.Stat. § 152.15, subd. 1(1)(ii). The statutory penalty for this offense provides for a maximum of 20 years imprisonment and/or a $60,000 fine for a first offense. Also, appellant's potential penalty was increased from a presumptive probationary sentence to a presumptive prison sentence by the proposed amendment. The trial court took the motion under advisement and voir dire continued.

After the jury was impaneled, the trial court granted the state's motion to amend

the complaint and denied appellant's request for a continuance. Appellant's trial counsel argued vigorously that the amended complaint charged a new and more serious offense with an additional essential element, namely weight, and that his trial preparation would have been different had this subdivision contained in the proposed amendment been the original charge. The trial court held the issue should properly be deferred until sentencing and offered appellant the opportunity to present testimony concerning the weight of the cocaine at his sentencing hearing. The trial court stated:

> The motion was granted on the basis that it is a sentencing issue and it is not—does not deal with the elements of the crime. The issue will be dealt with at sentencing only and not during the course of the trial. That after trial if counsel for defendant wishes they may have access to the evidence and may do whatever testing they wish and may argue whatever they wish with respect to the weight and identity of the substance at the time of sentencing, but we'll deal with it only at the time of sentencing.

(emphasis added).

At the close of all the evidence the trial court did not instruct the jury that the statute appellant was charged under mandated the sale of 10 grams or more of cocaine and the jury was not asked to determine a specific amount. The jury found appellant guilty of conspiracy to sell and the sale of cocaine (10 grams or more) pursuant to the amended complaint. Following appellant's conviction, defense counsel moved for judgment of acquittal or in the alternative a new trial, or in the alternative a downward dispositional departure, alleging numerous errors including improper amendment of the complaint and prosecutorial vindictiveness. The trial court denied the motion and imposed an executed sentence of 32 months but stayed the sentence pending this appeal. Bluhm appeals from the judgment of conviction. We reverse the conviction under Minn.Stat. § 152.15, subd. 1(1)(ii) and remand for a judgment of conviction to be entered and for sentencing pursuant to section 152.15, subd. 1(2).

## ISSUE

Did the trial court err by granting the state's motion to amend the complaint?

## ANALYSIS

Appellant argues that the trial court erred by allowing the state to amend the complaint because the amendment charged a different and more substantial offense, and because the jury was not instructed on the essential elements of the new offense. Appellant claims that the late amendment and the failure to properly instruct the jury deprived appellant of due process and a fair trial. We agree.

Minn.R.Crim.P. 17.05 provides that:

> The court may permit an indictment or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

(emphasis added). "[I]n order to prejudice the substantial rights of the defendant, it must be shown that the amendment either added or charged a different offense." Gerdes v. State, 319 N.W.2d 710, 712 (Minn.1982). An amendment charges a different offense if it changes an element of the crime to be proven. State v. Kramer, 441 N.W.2d 502, 506 (Minn.App.1989), pet. for rev. denied (Aug. 9, 1989).

Before the complaint was amended, appellant was charged with conspiracy to sell and the sale of less than 10 grams of cocaine. After the complaint was amended, appellant was charged with conspiracy to sell and the sale of 10 grams or more of cocaine. The state had to prove as an essential element that 10 grams or more of cocaine was involved in order to convict appellant pursuant to the amended complaint. The complaint as amended changed an element of the crime to be proven so as to charge an "additional or different offense" in violation of Minn.R.Crim.P. 17.05. The state argues that the amended complaint did not "really charge a new or different offense" but only went to penalty,

and that even if a new offense was charged, since the initial charging complaint [1] mentioned an ounce (approximately 28 grams) of cocaine, appellant should have been prepared to go ahead with the trial anyway.

Appellant points out correctly that although the two offenses, the one initially charged and the one later charged by the amended complaint, both involved cocaine, a substantial and crucial element of proof was added by the amended complaint which required proof beyond a reasonable doubt of a minimum amount of cocaine, to-wit, 10 grams or more. Appellant argues that his trial counsel originally prepared for trial knowing that the crime charged did not involve any specific amount, and thus only questions of identity, possession, and intent would be involved. Counsel on appeal points out correctly that appellant's trial counsel argued to the trial court at the time of the proposed amendment that his trial preparation would have been different had he known beforehand of the proposed amendment, and that the proposed amendment should either be disallowed or a continuance granted to allow for investigation and preparation for trial on a different offense. The record shows trial counsel argued he would have sought to have the cocaine tested and weighed independently and would not have stipulated to the chain of custody of the cocaine had section 152.-15, subd. 1(1)(ii) been the original charge.

 We need not discuss the claimed prejudice by appellant to his ability to properly prepare for trial as the trial court committed clear error in allowing the amended complaint and finding that the amount involved was not an essential element and could only be taken up by appellant and his counsel after trial at sentencing.

Minnesota CRIM. JIG 20.19(2) is clear and unequivocal on its face:

> If you find that defendant is guilty of delivering _____ you have (an) additional issue(s) to determine and (it) (they) will be put to you in the form of (a) question(s) which will appear on the verict form. The question(s) (is) (are):
>
> \* \* \* \* \* \*
>
> (2) Did _____ sell or distribute a total of ten grams or more of _____, regardless of purity, on one or more occasions within a ninety day period?
>
> \* \* \* \* \* \*
>
> You should answer (this) (these) question(s) "yes" or "no". If you have a reasonable doubt as to the answer, you should answer the question "no".

It was *specifically drafted* to be incorporated in the jury instructions for a charge involving Minn.Stat. § 152.15, subd. 1(1)(ii).[2] It is puzzling why the state did not call to the trial court's attention the necessity of instructing the jury on specific weights, when the weight is an essential element. The concept that weight in controlled substance crimes is an essential element which has to go to the jury is routine. Juries have been so instructed for years. *See, e.g.,* 10 Minnesota Practice, CRIM. JIG, 20.10, 20.11 (1985).

The trial court's statement that the amount of cocaine "is a sentencing issue and does not deal with the elements of the crime" was erroneous. The court's offer to appellant and his attorney to give them access *after* trial for purposes of testing does not cure the problem.

 Essential elements of the crime must be decided by the factfinder, here a jury, not the judge, and by proof beyond a reasonable doubt. Issues arising at a sentencing hearing are not decided by the jury, but by the judge; the proof required is not proof beyond a reasonable doubt; and the rules of procedure and the rules of evidence at sentencing hearings are not adhered to as strictly as at trial. It is this

---

1. We find that for purposes of our legal analysis, the amount mentioned in the complaint added nothing to the state's argument as nothing "mentioned" in the complaint is evidence. Regardless of what the complaint says, the state has to prove all the elements of the crime to the jury. 10 Minnesota Practice, CRIM. JIG, 1.01 (1985).

2. *See* 10 Minnesota Practice, CRIM. JIG, 20.19 (Supp.1989).

simple. Appellant did not waive his right to a trial by jury and thus was entitled as a matter of constitutional due process to have all essential elements of the crime proven to the jury's satisfaction by proof beyond a reasonable doubt. *Weight, being an integral part of section 152.15, subd. 1(1)(ii), is an essential element of the crime charged.* It was reversible error not to so instruct the jury.

The state must prove each and every element of the offense charged beyond a reasonable doubt. *State v. Paige,* 256 N.W.2d 298, 303 (Minn.1977). The court's instructions must define the crime charged by separating it into its various elements. *See State v. Crace,* 289 N.W.2d 54, 59 (Minn.1979). The trial court was obliged to specifically instruct the jury that it had to find appellant sold a total of 10 grams or more of cocaine in order to convict him as charged.

Since we decide the case on this issue, we do not discuss appellant's claim that respondent's late amendment upgrading the complaint to a more serious charge was an improper retaliatory measure taken against appellant for not pleading guilty. *See United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982).

Appellant, in the alternative, asks for the relief of a reversal of conviction, a new trial, or a modification of his sentence to that called for by conviction under section 152.15, subd. 1(2). We find modification appropriate. The jury instructions adequately covered the elements of conspiracy and/or sale (of any amount) of cocaine in violation of Minn.Stat. § 152.15, subd. 1(2). Pursuant to Minn.R.Crim.P. 28.05, subd. 2, we vacate appellant's conviction under section 152.15, subd. 1(1)(ii), enter a judgment of conviction under section 152.15, subd. 1(2), and remand to the trial court for sentencing.

## DECISION

The trial court erred by granting the state's motion to amend the complaint to charge appellant with a more serious offense and in failing to instruct the jury on the essential elements of the new offense.

Reversed and remanded for sentencing.

LANSING, J., dissents and files an opinion.

LANSING, Judge (dissenting).

Dennis Bluhm was charged with conspiracy to sell cocaine in violation of Minn.Stat. § 152.02, subd. 3(1)(d); § 152.09, subd. 1(1); § 152.15, subd. 1(2); § 152.096, subd. 1. A violation of Minn.Stat. § 152.15, subd. 1(2) carries a maximum sentence of 15 years and/or a $40,000 fine. The specific offense description on Bluhm's complaint states:

> Dennis H. Bluhm did, on or about September 4–5, 1988, in Albert Lea, Minnesota, conspire with Lawrence R. Peterson in the sale of a one ounce quantity of powder containing cocaine, for the price of $1,300.

Minn.Stat. § 152.15, subd. 1(1)(ii) provides that offenders who sell or distribute a total of ten grams or more of a controlled substance are subject to a penalty of not more than 20 years and/or $60,000. Because there are 28 grams in an ounce, Bluhm's described offense carried a greater penalty than the complaint's referenced statute.

I do not agree with the majority's conclusion that the trial court abused its discretion by permitting the prosecution to amend the complaint. The assistant attorney general, who had not been the charging attorney, moved to amend after observing that the statutory reference did not conform to the description of the offense. Although changing the degree of an offense may well result in "a violation of substantive rights by charging a different offense," I do not believe that occurred here. *See Gerdes v. State,* 319 N.W.2d 710, 712 (Minn.1982).

In any event, the motion to amend was made before the impaneling of the jury. Rule 17.05 restrictions do not apply if a motion to amend is made before trial commences. *State v. Smith,* 313 N.W.2d 429, 430 (Minn.1981). If the primary purpose of Rule 17.05 is to preserve the defense's due

process right to timely notice, the court's deferring its ruling until after the jury was impaneled does not change it from a pretrial to a preverdict motion. *See State v. Alexander*, 290 N.W.2d 745, 748 (Minn. 1980).

Whether the trial court committed reversible error by failing to instruct the jury that it must find that Bluhm sold ten grams or more of cocaine is more complex. A jury interrogatory on this question is proper. *See* CRIM. JIG 20.19. The failure to properly instruct was twice mentioned in Bluhm's brief, but it was not raised as an issue in either brief and consequently the competing arguments are not well developed. It is unclear whether the trial court's offer to allow the defense to dispute the amount at sentencing was intended to ameliorate any effects of the denial of a continuance or whether the court believed that it was *solely* a sentencing issue.

If the omission of the jury instruction is subject to a harmless error analysis, it is significant to note that the evidence of amount is undisputed and there was no request for a jury instruction on the amount. The defense presented at trial did not relate to amount and centered on whether Bluhm was the individual who made the sale and whether the sale was cocaine or marijuana. The verdicts contained a specific statutory reference to Minn.Stat. § 152.15, subd. 1(1)(ii). Under these circumstances I believe the trial court should be affirmed and the conviction should stand. *See State v. Glidden*, 455 N.W.2d 744 (Minn.1990) (court of appeals erred in raising issue on its own and erred in concluding that trial court's failure to give an unrequested instruction was plain error).

Finally, the majority's modification remedy short circuits the procedure. If there is error, the appropriate resolution is to vacate the convictions and remand for a new trial.