STATE of Minnesota, Appellant,

v.

**Paul Anthony BAXTER, Respondent.**

No. A04–676.

Court of Appeals of Minnesota.

Sept. 14, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and Thomas F. Murtha, IV, Aitkin County Attorney, Aitkin County Courthouse, Aitkin, MN, for Appellant.

Eric J. Nelson, Allan H. Caplan & Associates, Minneapolis, MN, for Respondent.

Considered and decided by RANDALL, Presiding Judge; WILLIS, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

The state appeals from a pretrial order denying its motion to amend the complaint to add two counts of first-degree criminal sexual conduct and to change one of the original counts of third-degree criminal

sexual conduct to criminal sexual conduct in the first degree, arguing that the denial has a critical impact on the outcome of the trial and that the district court clearly erred. We affirm.

## FACTS

The state alleges that on several specific occasions from January 1990 to February 1991, respondent Paul Baxter engaged in sexual intercourse with a minor female. At the time of the alleged instances, the female was 14 and 15 years old, and respondent was 23 and 24 years old.

On September 10, 1991, respondent was charged with three counts of third-degree criminal sexual conduct under Minn.Stat. § 609.344, subd. 1(b) (1990). Respondent failed to appear for trial and a warrant was issued for his arrest. Twelve years later, respondent was arrested in another state.

Approximately nine months after his arrest and on the morning of the jury trial in the matter, the state moved to amend its complaint, which would result in charging respondent with three counts of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(h)(v), (g) (1990), and two counts of third-degree criminal sexual conduct under Minn.Stat. § 609.344, subd. 1(b). The district court denied the state's motion to amend and granted the state's motion to appeal from that ruling.

## ISSUE

Did the district court abuse its discretion in denying the state's motion to amend the complaint?

## ANALYSIS

■ The district court has broad discretion to grant or deny leave to amend a complaint, and its ruling will not be reversed absent a clear abuse of that discre-

tion. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). In reviewing pretrial prosecution appeals, this court will reverse the district court's determination only if the state can clearly and unequivocally demonstrate "that the [district] court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Webber,* 262 N.W.2d 157, 159 (Minn. 1977). "Interpretation of the rules of criminal procedure is a question of law, which we review de novo." *State v. Whitley,* 649 N.W.2d 180, 183 (Minn.App.2002).

### A. Critical Impact

■ Critical impact is a threshold showing that must be made in order for an appellate court to have jurisdiction. *State v. Kim,* 398 N.W.2d 544, 550 (Minn.1987). The state satisfies the critical-impact test when the district court's order is based on an interpretation of a rule that bars further prosecution of a defendant. *Whitley,* 649 N.W.2d at 183.

■ We conclude that the critical-impact requirement is met in the present case on a single-behavioral-incident theory. Offenses are found to be part of a single-behavioral incident if they arise from a continuous and uninterrupted course of conduct, occur at substantially the same time and place, manifest an indivisible state of mind, and if the conduct involved is motivated by a desire to obtain a single criminal objective. *State v. Chidester,* 380 N.W.2d 595, 597 (Minn.App.1986), *review denied* (Minn. Mar. 21, 1986). The single-behavioral-incident statute states that "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn.Stat. § 609.035, subd. 1 (2002). In other words,

retrial is barred by Minn.Stat. § 609.035, subd. 1, if (1) the defendant's course of conduct consists of a single behavioral incident, and (2) the defendant was either convicted of or acquitted on any count arising from that incident. *State v. Schmidt,* 612 N.W.2d 871, 876–77 (Minn. 2000). The single-behavioral-incident statute protects criminal defendants from both multiple prosecutions and multiple sentences for offenses resulting from the same behavioral incident. *State v. Johnson,* 273 Minn. 394, 397, 141 N.W.2d 517, 520 (1966). The supreme court explained in *Johnson* that the "drafters, as well as the legislature, intended ... to broaden the protection afforded by our constitutional provisions against double jeopardy." *Id.* at 400, 141 N.W.2d at 522.

Here, the series of incidents that were the basis for the charges in the original complaint are the exact same incidents that are the basis for the added counts in the proposed amended complaint. Because they are part of the same behavioral incidents, the state would be barred from prosecuting on the additional counts at a later time if the respondent is convicted on all counts in the original complaint. Because of this potential bar, the denial of the state's motion does have a critical impact on the outcome of the trial.

## B. District Court Error

■■■■ The second prong in a pretrial prosecution appeal requires a showing that the district court erred in its judgment. *Whitley,* 649 N.W.2d at 183. When reviewing pretrial orders, this court may independently review the facts and determine, as a matter of law, whether the district court erred. *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999).

Here, the district court denied the state's motion because it found that the amended complaint was untimely. The district court also noted that the amended complaint could have a significant impact on sentencing.

### (i) Separation–of–Powers Doctrine

■■■■ The state first argues that the district court's conduct interfered with the prosecutor's charging authority, thereby violating the separation-of-powers doctrine. The state asserts that the district court should have issued a summons and allowed the amendment because the facts set forth in the amended complaint showed probable cause to believe the additional crimes had been committed. *See* Minn. R.Crim. P. 3.01 ("If it appears from the facts set forth in writing in the complaint and any supporting affidavits or supplemental sworn testimony that there is probable cause to believe that an offense has been committed and that the defendant committed it, a summons or warrant shall be issued."). At a very minimum, the state asserts that the district court should have made a probable-cause determination.

■■■■ The separation-of-powers doctrine is premised on the belief that "too much power in the hands of one governmental branch invites corruption and tyranny." *Wulff v. Tax Court of Appeals,* 288 N.W.2d 221, 223 (Minn.1979). Thus, the judiciary generally cannot interfere with the prosecutor's charging authority because that power is solely delegated to the executive branch. *State v. Krotzer,* 548 N.W.2d 252, 254 (Minn.1996). "Notwithstanding the separation of powers doctrine, there has never been an absolute division of governmental functions in this country, nor was such even intended." *Irwin v. Surdyk's Liquor,* 599 N.W.2d 132, 137 (Minn.1999) (quotation omitted). For example, although a court cannot interfere with the prosecutor's charging authority, it retains broad discretion over how the case

proceeds once it is filed. *State v. Johnson,* 514 N.W.2d 551, 556 (Minn.1994). This includes the power to grant or deny the prosecutor's request to amend the complaint. *Id.; see also Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980) ("The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of clear abuse of such discretion.").

■■■ We conclude that the district court's inherent authority to grant or deny a motion to amend a complaint does not interfere with the prosecutor's authority to charge because the prosecutor's authority to charge only lasts until the time of filing. *See Johnson,* 514 N.W.2d at 556. Furthermore, the district court's authority to grant or deny a motion to amend a complaint does not preclude the prosecutor from requesting a trial continuance. Because here, the district court acted within its inherent powers and did not interfere with the prosecutor's charging power, we find no violation of the separation-of-powers doctrine.

### *(ii) Basis for Denial*

■■■ The state also argues that the district court erred by considering the difference in penalties between the crimes charged in the original and the amended complaints. *See State v. Chryst,* 320 N.W.2d 721, 722 (Minn.1982) ("[T]he prosecutor may prosecute under any statute that the defendant's acts violate without regard to the penalty."). While the district court did note the potential sentencing consequences of amending the complaint if the defendant were to be found guilty of the new charges, its primary reason for denying the state's motion was because the motion was untimely.

The state argues that the district court erred in denying its motion for being untimely because the motion was made prior to the commencement of trial. The state cites Minn. R.Crim. P. 3.04, subd. 2, which states:

> During pre-trial proceedings affecting any person arrested under a warrant or appearing in response to a summons issued upon a complaint, the proceedings may be continued to permit a new complaint to be filed and a new warrant or summons issued thereon, provided the prosecuting attorney promptly moves for such continuance on the ground:
>
> . . . .
>
> (b) that on the basis of the evidence presented at the proceeding it appears that there is probable cause to believe that the defendant has committed a different offense from that charged in the complaint and that the prosecuting attorney intends to charge the defendant with such offense.

The state also asserts that prior cases have allowed amendments to complaints, even shortly before jury selection. *See State v. Smith,* 313 N.W.2d 429, 430 (Minn. 1981).

■■■ Minn. R.Crim. P. 3.04, subd. 2, does not state that any motion to amend a complaint made prior to trial must be granted. Instead, the rule gives the district court discretion to allow amendments to the complaint and the continuance of pretrial proceedings. While some courts have allowed amendments to complaints up to the point of jury selection, this does not negate the fact that a district court retains broad discretion over how a case proceeds once it is filed. *Johnson,* 514 N.W.2d at 556. This includes the power to grant or deny a prosecutor's request to amend the complaint. *Id.* The inquiry into whether a court should grant or deny such a motion is factual and case specific.

While rule 3.04 does not make timeliness paramount, the rule recognizes the importance of timeliness by stating that proceedings may be continued to permit the issuance of a new complaint, provided the prosecution "promptly" moves for a continuance. Minn. R.Crim. P. 3.04, subd. 2. Here, respondent made a demand for a speedy trial on January 14, 2004. After several continuances and hearings, the state moved to amend the complaint three months later on the morning of the trial. This matter had been pending for approximately nine months since respondent's arrest. While the state contends the amendment was delayed because of information they received from an interview with the victim, the state waited to interview the victim for more than a month after she had been located. Even after the state interviewed the victim and presumably knew that it would file an amended complaint, the state waited five more days until the day of the trial to notify anyone of its intention to seek an amendment to the complaint.

The district court has broad discretion in civil actions to accept or deny motions to amend complaints and to consider timeliness. *See Sheehan v. St. Peter's Catholic Sch.*, 291 Minn. 1, 6, 188 N.W.2d 868, 871 (1971) (concluding the district court did not abuse its discretion in denying motion to amend when motion was made on eve of trial, two years after answer was served, and no reason was given for delay); *LOL Fin. Co. v. Romain Corp.*, 352 N.W.2d 841, 844 (Minn.App.1984) (concluding the district court did not abuse discretion when motion was made only eight days before trial). The district court has a parallel responsibility for the conduct of criminal proceedings. In *Smith*, the court allowed a "housekeeping" amendment, which did not charge an additional or different offense. 313 N.W.2d at 430. Here, the amendment would add an additional count—first-degree criminal sexual conduct. Such an amendment would require that additional elements of a crime be proven, would permit the presentation of additional defenses, and would allow for a greater penalty. This is more than a mere "housekeeping" amendment. The district court had discretion to deny appellant's motion to amend.

### DECISION

The district court did not abuse its discretion in denying appellant's motion to amend the complaint.

**Affirmed.**