*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1964**

State of Minnesota,
Respondent,

vs.

Jeannie Frances Ball,
Appellant.

**Filed September 14, 2015
Affirmed
Hudson, Judge**

St. Louis County District Court
File No. 69DU-VB-14-272

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Christopher J. Pinkert, Assistant County
Attorney, Duluth, Minnesota (for respondent)

Jeannie F. Ball, Duluth, Minnesota (pro se appellant)

Considered and decided by Schellhas, Presiding Judge; Hudson, Judge; and Reilly,
Judge.

# UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges the sufficiency of the evidence to support her petty-
misdemeanor conviction of failure to yield the right-of-way when pulling out from a

driveway.  She also argues that the district court committed plain error by allowing the state to amend the complaint after trial had begun.  We affirm.

**FACTS**

On December 30, 2013, appellant Jeannie F. Ball was turning left as she pulled out of her driveway when the rear of her van was hit by a car traveling in the same direction on the main road.  The state charged Ball by citation with misdemeanor failure to yield the right-of-way in violation of Minn. Stat. § 169.20, subd. 2 (2012) (failing to yield during a left turn to a vehicle approaching from the opposite direction within the intersection or so close as to form an immediate hazard).  The state moved to certify the offense as a petty misdemeanor and for a bench trial.  The day of trial, the state moved to amend the complaint to charge Ball instead with a violation of a different subdivision of the failure-to-yield statute, Minn. Stat. § 169.20, subd. 4 (2012) (failing to yield when entering a roadway to a vehicle approaching on the roadway).  The district court granted the motion, and Ball did not contest it.

At trial, the driver of the other vehicle testified that he was driving west at the 50 mile-per-hour speed limit around 3:45 p.m. when he observed a van pull out from a driveway on the left side in front of him.  He was unable to stop, and his car hit the rear of the van.  He indicated that he first saw the van when he was about 50-100 feet away, but as he got closer, it pulled out on the road, and he was going too fast to prevent a collision.  He stated that there was no snow or ice on the roadway, and when the van started to turn, his vehicle was 20-30 feet away from it.  He testified that he was not under the influence of alcohol or speeding and that he did not try to flee the scene.

2

A responding St. Louis County deputy sheriff testified that the position of and damage to both vehicles indicated that Ball's van had pulled out into the car's right-of-way, causing the crash. He estimated that the crash occurred about 50-100 feet west of the driveway and that visibility looking east was about one-quarter mile. He testified that although there may have been ice or snow on the road, those conditions would not have helped cause the accident if Ball had allowed enough time to pull out. He also indicated that a dip or hill existed in the road, but it was a significant distance away, and he did not believe that it was a contributing factor to the failure to yield.

Ball's daughter, a passenger in the van, testified that her mother pulled out slowly into the road because conditions were icy. She herself looked both ways, saw no traffic, and did not see the car before it hit the van. She believed the hill on the road was about 500 feet from the driveway. She observed that the other driver tried to leave after the accident, but could not because his car was damaged.

Ball testified that she stopped at the end of the driveway, looked both ways, saw no traffic coming, and turned left slowly out into the roadway. She testified that the road was icy, the car struck her van about 100 feet from the driveway, she did not pull out in front of the car, and there was no car in sight when she left the driveway.

The district court found Ball guilty, orally on the record, of failing to yield when entering a roadway. The district court found that "the driver entering a roadway always has the due diligence to take the extra precaution to make sure there is not a vehicle on that roadway." The district court convicted Ball, stayed a $50 fine, and ordered restitution in the amount of $2,431.90. This appeal follows. Because the state has not

3

submitted a brief, we consider this appeal on its merits under Minn. R. Civ. App. P. 142.03.

## D E C I S I O N

### I

When reviewing a claim of insufficient evidence to support a conviction, this court carefully reviews the record to determine whether the evidence, viewed in the light most favorable to the conviction, was sufficient to permit the fact-finder to convict appellant. *State v. Pendleton*, 759 N.W.2d 900, 909 (Minn. 2009). We will not disturb the verdict "if the [fact-finder] could reasonably conclude, given the presumption of innocence and the requirement of proof beyond a reasonable doubt, that the defendant was guilty of the charged offense." *Id.* In evaluating the verdict, we recognize that "[a]ssessing witness credibility and the weight given to witness testimony is exclusively the province of the [fact-finder]," and we "may assume that the [fact-finder] credited the state's witnesses and rejected any contrary evidence." *Id.* The same standard of review on the sufficiency of the evidence applies to jury trials and to bench trials, in which the district court is the trier of fact. *Davis v. State*, 595 N.W.2d 520, 525 (Minn. 1999).

Ball argues that the evidence is insufficient to support her conviction because the state's witnesses presented inconsistent and incredible testimony. But the fact-finder "is free to accept part and reject part of a witness's testimony." *State v. Mems*, 708 N.W.2d 526, 531 (Minn. 2006). Inconsistencies in testimony go to witness credibility, which is an issue for the fact-finder, not this court. *State v. Juarez*, 837 N.W.2d 473, 487 (Minn. 2013); *see also State v. Suhon*, 742 N.W.2d 16, 20 (Minn. App. 2007) ("Inconsistencies

4

in prosecution evidence do not require reversal."), *review denied* (Minn. Feb. 19, 2008). The district court was free to believe or disbelieve any portion of any witness's testimony, whether or not it was inconsistent with other testimony. And although Ball argues that she and her daughter testified, in contradiction to the other driver, that the road was icy, icy conditions would not have precluded her conviction for failing to yield as she entered the roadway.

Ball also points out that the deputy at first denied that he was the person who wrote in the police report that the accident occurred 100 feet from the intersection, but later acknowledged that he may have written that information. But the deputy's changing recollection of his notation does not require the district court to discredit the police report. And even though Ball sought to offer evidence of the other driver's prior speeding tickets, because the district court sustained the state's objection to prior-acts evidence, it did not consider that information in reaching its decision. Ball has not challenged that ruling. We conclude that, based on the record before it, the district court could have reasonably concluded that given the presumption of innocence and the state's burden of proof beyond a reasonable doubt, Ball was guilty of failing to yield. *See Pendleton*, 759 N.W.2d at 909 (stating standard of review).

**II**

For the first time on appeal, Ball argues that the district court committed reversible error by amending the charge of failure to yield under Minn. Stat. § 169.20, subd. 2, to failure to yield under Minn. Stat. § 169.20, subd. 4. Generally, "[t]he district court has broad discretion to grant or deny leave to amend a complaint, and its ruling will not be

5

reversed absent a clear abuse of that discretion." *State v. Baxter*, 686 N.W.2d 846, 850 (Minn. App. 2004). Because Ball did not object at trial, however, we review the district court's ruling for plain error. *See* Minn. R. Crim. P. 31.02 (stating that an appellate court may consider plain error affecting substantial rights even if the error was not raised before the district court). Under this analysis, the defendant must show error that is plain and affected substantial rights. *See State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998) (applying Minn. R. Crim. P. 31.02).

Under Minn. R. Crim. P. 3.04, subd. 2, the state may amend a complaint at any time before commencement of trial. *See State v. Smith*, 313 N.W.2d 429, 430 (Minn. 1981) ("Minn. R. Crim. P. 3.04, subd. 2, provides for free amendment of a complaint before trial."). But after trial has commenced and jeopardy has attached, rule 17.05 applies, and the district court may allow an amendment only if "no additional or different offense is charged and if the defendant's substantial rights are not prejudiced." Minn. R. Crim. P. 17.05; *Smith*, 313 N.W.2d at 430.

Ball argues that the application of rule 17.05 is appropriate here because she had proffered a plea and witnesses had been sequestered. In a jury trial, jeopardy attaches when the jury is sworn. *State v. Fuller*, 374 N.W.2d 722, 726 (Minn. 1985). In a court trial, jeopardy attaches when the first witnesses are sworn and the court begins to hear evidence. *State v. Caswell*, 551 N.W.2d 252, 254–55 (Minn. App. 1996). Here, the record shows that when the state moved to amend the complaint, witnesses had been sequestered in the hallway, but it does not show that they had been sworn, and the district court had not yet begun to take evidence. *Cf. id.* (addressing issue when motion to amend

6

was granted after witnesses were sworn). We conclude that in this situation, rule 3.04 applies, so that the district court was free to allow amendment before trial, and the district court did not commit plain error by granting the motion to amend.

Further, even if we were to review this issue under rule 17.05, the district court was not precluded from amending the complaint because the amendment did not charge an "additional or different offense" and did not affect the defendant's substantial rights. The initial tab charge notified Ball that she was facing a violation of failure to yield to a driver proceeding on the main road, a charge against which she was prepared to defend. *Cf. Caswell*, 551 N.W.2d at 256 (concluding that a defendant's substantial rights were prejudiced by amending the complaint to include additional offenses when "the additional offenses contained different elements and subjected her to conviction and sentencing on a charge against which she was not prepared to defend"). Amending the complaint to charge a violation under a different statutory subdivision of failing to yield—which identified Ball's location as leaving her driveway, rather than proceeding on the main road, when she committed the offense—did not prejudice her defense. Therefore, Ball's substantial rights were not affected by the amendment, and we reject her argument on this issue.

**Affirmed.**