STATE of Minnesota, Appellant,

v.

Patricia Mae HALL, Respondent.

No. 50755.

Supreme Court of Minnesota.

May 2, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Fabel, Deputy Atty. Gen., Robert W. Kelly, County Atty., Stillwater, for appellant.

Bruce A. Douglas and Terry Mitchell, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to R. 29.03, R.Crim.P., from an order of the district court which suppressed evidence on the ground that defendant's arrest was not based on probable cause and dismissed a prosecution of defendant for introducing contraband into prison, Minn. Stat. § 243.55 (1978). We reverse and remand for further proceedings.

Without summarizing the evidence in great detail and without deciding whether the district court clearly erred in any of its findings—some of which related more to the ultimate issue of defendant's guilt rather than to the issue of probable cause to arrest—we hold that the district court erred in concluding that the arrest was illegal. Basically, the record indicates (a) that defendant was a guest of a prisoner at a special picnic in the hospital yard at the prison, (b) that because of a special policy relating to the search of guests at prison picnics, defendant was not subjected to the normal pat-down search given prison visitors, (c) that a prison officer, using binoculars and looking through a side window, observed defendant, sitting next to the prisoner she was visiting, constantly looking at the tower guard who was watching the proceedings, (d) that this officer then saw defendant suspiciously pass two small objects to the prisoner, (e) that he then saw the prisoner apparently combine the two objects, (f) that a prison sergeant, informed by radio of what the officer had seen, then approached the two from behind and seized the object, which turned out to be a plastic bag of pills placed inside another plastic bag containing marijuana and three syringes. Defendant was then placed under arrest and an incidental full custodial search of her person resulted in the discovery of four more plastic bags of marijuana which were hidden inside her pantyhose next to her thighs.

The district court, finding that the officer who observed the transfer of the objects from defendant to the prisoner could not state with certainty what objects were passed, concluded that the items might have been something else and that therefore the sergeant did not have probable cause to arrest defendant. However, we hold that while the officer could not state with certainty what he had seen defendant pass to the prisoner, he had seen some highly suspicious conduct which, when considered in connection with all the other circumstances (including the fact that the prisoner was found in possession of drugs), gave the sergeant probable cause to arrest defendant.

Holding that the district court erred in concluding that the arrest was illegal, we reverse the order suppressing evidence as the tainted fruit of the arrest and reverse the order dismissing the prosecution.

Reversed and remanded. Pursuant to R. 29.03, subd. 2(8), R.Crim.P., defendant is awarded attorneys fees in the amount of $400.