STATE of Minnesota, Respondent,

v.

**David Patrick ZEIMET, Appellant.**

**Nos. 49134, 51933.**

Supreme Court of Minnesota.

Oct. 2, 1981.

Rapoport, Singer, Wylde & Nordby, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist, Asst. County Attys., and Anne E. Peek, Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury in 1978 of two counts of murder in the third degree, Minn.Stat. § 609.195 (1976), and the trial court sentenced defendant to two concurrent limited 15-year prison terms. Defendant then appealed from the judgment of conviction but asked for a stay of that appeal and a remand for a postconviction hearing. This combined appeal follows the denial of postconviction relief. Defendant contends that he should be granted a new trial because (1) the prosecutor failed to disclose to defense counsel exculpatory information material to the defense and (2) prejudicial error was committed in the elicitation of certain evidence at trial. We reverse and remand for a new trial.

This prosecution arose from the death by smoke inhalation of two children in a house fire set by defendant to get revenge at the children's mother, a prostitute who had participated as an accomplice in the robbery of defendant's friend. The children were alone and asleep in the house at the time defendant set the fire, and defendant admitted at trial that he knew the children were in the house. Evidence that defendant set the fire included testimony by his friend that defendant broke into the house and an admission by defendant that he did so; testimony by the friend that when defendant returned, defendant said he had set a fire; and testimony by another friend of defendant that defendant later admitted setting a fire.

Defendant's main contention on appeal is that his right to due process was violated by the prosecutor's failure to disclose to defense counsel certain information that the prosecutor had obtained from the children's grandmother concerning the culpability of the mother in the children's deaths.[1] We have carefully examined both the trial record and the postconviction hearing record, and we agree with the postconviction court that the prosecutor should have disclosed the information to the defense before trial. However, disagreeing with the postconviction court, we believe that the prosecutor's failure to disclose requires a new trial in the interest of justice. Not only was the information in question important in its own right to the defense, but it might well have led the defense to far more useful information. That the jury was troubled with the case even without the information in question is demonstrated by the length of the jury's deliberation before returning the guilty verdicts. Under all the circumstances, and bearing in mind the lack of justification for the prosecutor's failure to disclose, we reverse and remand for a new trial. Cf. State v. White, 300 N.W.2d 176, 178 (Minn.1980) (conviction upheld when volunteered and nonvolunteered evidence

---

1. The grandmother testified at the postconviction hearing that she had talked with the prosecutor a number of times before defendant's trial in an attempt to persuade the prosecutor both to help her get the autopsy report and to prosecute her daughter, the mother of the victims, for murder. She testified that her daughter was a prostitute and a drug pusher, that she had physically abused the children, that on occasion she had given the children drugs to put them to sleep, that she had life insurance policies on each of them, and that the daughter had called her from the hospital after the girls were found dead and had said, "Mom, I killed my babies." The grandmother claimed she had told all this and more to the prosecutor.

did not together create reasonable doubt of guilt); *State v. Clark*, 296 N.W.2d 359, 370–71 (Minn.1980) (same).

Defendant's other contentions relate to evidence that the prosecutor elicited without objection from defense counsel. Because defense counsel did not object to this evidence, defendant is deemed to have forfeited his right to have this court consider these contentions on appeal. Defendant is free to raise the issues in the trial court at retrial.

Reversed and remanded for new trial.