**STATE of Minnesota, Respondent,**

v.

**Patricia Mae HALL, Appellant.**

No. 81–92.

Supreme Court of Minnesota.

Jan. 29, 1982.

Bruce C. Douglas and Terry L. Mitchell, Edina, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, Robert Kelly, County Atty., Stillwater, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of introducing contraband into prison, Minn.Stat. § 243.55 (1978). The trial court stayed imposition of sentence and placed defendant on five years probation, with 45 days in jail under the Huber law. The trial court stayed execution of the probationary jail term pending this appeal from judgment of conviction. Defendant contends that her conviction should be reversed outright on one of two grounds: insufficiency of evidence and failure of the state to comply with the discovery rules. With respect to the latter ground she argues alternatively for a new trial.

We reverse and remand for a new trial.

■ Without summarizing the evidence in detail,[1] we believe that the evidence was sufficient to sustain defendant's conviction, and, but for the issue of the failure of the state to comply with the discovery rules, we would affirm defendant's conviction.

The basic facts relating to the discovery issue are as follows:

(a) At the omnibus hearing Officer William Arendt, a guard who observed the incident which led to defendant's arrest and the search of her person, testified, in response to questions by defense counsel, that he and other guards felt "that there would be drugs being smuggled in" on the day in question but he denied having any information, specific or general, that defendant would try to smuggle in drugs.

(b) Then at trial, apparently assuming that he would get the same answer, defense counsel asked both Officer Arendt and Sergeant Michael Hermerding on cross-examination if they had had any information giving them reason to suspect that defendant would attempt to smuggle drugs in on the day in question. Hermerding testified that two reliable informants had told them that defendant would be smuggling in drugs, and Arendt testified that he had had specific information from one prisoner that defendant would attempt to smuggle in drugs.

(c) Defense counsel then confronted Arendt with his prior inconsistent testimony at the omnibus hearing, and he replied that he was not saying that that testimony was wrong. On redirect Arendt testified that he had testified as he did at the omnibus hearing in order to protect the informer,

1. The basic facts which led to the prosecution of defendant are summarized in our opinion in *State v. Hall*, 292 N.W.2d 749 (Minn.1980), where we reversed a pretrial order suppressing evidence on Fourth Amendment grounds.

who might get killed if his name was revealed. On recross, he admitted he had lied at the omnibus hearing but claimed he had informed the then county attorney, Stephen Muehlberg, that he would not reveal his source.

(d) At this point the prosecutor, Robert Molstad (the new county attorney), and the defense counsel retired to chambers with the trial court. Defense counsel moved for outright dismissal or alternatively for a mistrial. The prosecutor stated that he was totally surprised by this development and that he had had no communication about it from his predecessor. However, he opposed dismissal and, after thinking about it, also opposed a mistrial. Finally, after careful deliberation, the trial court denied the defense motions.

■ We believe that this appeal is controlled by our decisions in *State v. Schwantes,* 314 N.W.2d 243 (Minn.1982), and *State v. Zeimet,* 310 N.W.2d 552 (Minn.1981), which granted defendants new trials because of failure by the state to comply with the discovery rules. In the instant case, the present prosecutor stated that he was willing to concede, for purposes of deciding the issue, that his predecessor had learned of the perjury at the time of the omnibus hearing. Thus, the failure to comply with the discovery rules was conceded. The more difficult issue, to which the trial court gave careful consideration, is whether defendant was prejudiced by the breach of the discovery rules. Although defense counsel did not clearly articulate the claim of prejudice to the trial court, we are satisfied upon reflection that it is extremely unlikely that defense counsel would have asked the questions which elicited the damaging evidence about the informants' tips to the guards if he had not been misled at the omnibus hearing into believing that the guards had received no such tips. Because it is possible that without the damaging testimony, the jury would have been more inclined to credit defense testimony, we cannot conclude that the error was harmless.

Reversed and remanded for new trial.