**STATE of Minnesota, Respondent,**

v.

**Donald E. BERG, Appellant.**

No. 81–1024.

Supreme Court of Minnesota.

Nov. 12, 1982.

---

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Peter M. Banovetz, Asst. County Atty., Duluth, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the third degree, Minn.Stat. § 609.223 (1980) (assault involving infliction of substantial bodily harm). The presumptive sentence for this offense (a severity level IV offense) by one with defendant's criminal history score (zero) is 1 year and 1 day stayed. The trial court sentenced defendant to 1 year and 1 day with execution stayed and ordered defendant to serve 3 years' probation, the first 6 months in jail. On this appeal from judgment of conviction defendant contends that his conviction should be reversed outright because the state failed to prove that he inflicted substantial bodily harm or that he did so intentionally. Alternatively, defendant seeks a new trial on the ground that the trial court erred in granting the state's motion to reopen its case-in-chief and call a newly discovered witness to some of the assaultive conduct after the defense rested. We affirm.

The victim was a 35-year-old woman with whom defendant was living at the time. Defendant first assaulted her at a bar and then assaulted her a short time later at her apartment. Part of the victim's testimony concerning what occurred at the bar was corroborated by the bartender. The bartender's daughter apparently had originally told police that she did not witness the assault, but the bartender told the prosecutor on the day of trial that this was not so. The prosecutor then contacted the bartender's daughter and learned that she had witnessed part of the assault in the bar.

The prosecutor, who still had not rested the state's case-in-chief, should have immediately notified the court and defense counsel of the existence of this witness. At that point the trial court presumably either would have given the prosecutor a short continuance before it rested so that the prosecutor could decide whether to call the witness or the court would have ordered the prosecutor to make its decision without a continuance.

Instead, the prosecutor rested, thinking that he could call the witness as a rebuttal witness. Defendant then testified, after which the defense rested and the court adjourned for the day. The following morning, for the first time, the prosecutor revealed the name of the witness to defense counsel and the circumstances concerning his learning of the witness' proposed testimony. The trial court refused to let the prosecutor call the witness as a rebuttal witness but allowed the prosecutor to reopen its case-in-chief for the purpose of calling the witness.

Now on appeal defendant contends not only that the evidence of his guilt was insufficient but that the trial court erred in permitting the state to reopen.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient.

We believe that the prosecutor violated the discovery rules in failing to notify defense counsel immediately of the discovery of the additional witness and in failing to disclose her identity. However, we do not believe in this instance that it was prejudicial error for the trial court to allow the prosecutor to reopen its case-in-chief and to call the witness. *See State v. Lindsey,* 284 N.W.2d 368 (Minn.1979) (recognizing that trial court has considerable discretion in determining whether to impose sanctions for failure to comply with discovery rules). Defendant not only failed at trial to establish persuasively that he would have proceeded differently if the prosecutor had proceeded properly, but he has failed to make such a showing on appeal.

Having concluded that there was no prejudicial error, we hasten to add that, as we stated in *State v. Smith,* 313 N.W.2d 429, 430 (Minn.1982), "[W]e will not tolerate intentional abuses of the discovery process by the prosecutor and * * * we will not hesitate to reverse on this ground if the facts warrant it." *See State v. Hall,* 315 N.W.2d 223 (Minn.1982); *State v. Schwantes,* 314 N.W.2d 243 (Minn.1982); and *State v. Zeimet,* 310 N.W.2d 552 (Minn.1981).

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.