**STATE of Minnesota, Respondent,**

v.

**William DYE, Appellant.**

**No. C1–82–142.**

Supreme Court of Minnesota.

May 13, 1983.

Rehearing Denied Aug, 1, 1983.

C. Paul Jones, Public Defender, and Margaret G. LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

KELLEY, Justice.

After having been found guilty by a district court jury of murder in the second degree, Minn.Stat. § 609.19 (1982),[1] defendant was sentenced to 298 months in prison.[2] In this appeal from the judgment of conviction, defendant challenges the admission of evidence seized from him in three separate warranted searches, the compliance or non-

compliance by the prosecution with discovery and disclosure rules, the admission of evidence which he claims was irrelevant and/or unfairly prejudicial, and the legal sufficiency of the evidence to sustain his conviction. After having carefully examined those contentions, we affirm.

Shortly after 11 p.m. on Sunday, March 29, 1981, defendant, while armed with an automatic pistol, entered Pontillo's Pizza at Grand and Cleveland in Saint Paul for the purpose of robbing it. After ordering the employees onto the floor, he directed the assistant manager to get up and empty the cash register for him. As the assistant manager was complying, defendant fired one shot at fairly close range, killing the assistant manager. Defendant then fled.

Contrary to what defendant argues in his brief, the evidence both on identity and intent was sufficient. In fact, the evidence was so strong that it would serve no useful purpose to summarize it here.

Defendant also argues that he did not receive a fair trial. His first argument in support of this contention is that the trial court erred in refusing to suppress certain evidence seized from defendant. Specifically, he argues (a) that an affidavit in support of one search warrant, which was executed on April 8, was defective in that it failed to establish the veracity of the informant from whom the information supporting the warrant was obtained; (b) that an affidavit in support of a second search warrant, executed April 10, failed to establish a nexus between the object sought (a wig) and the crime; and (c) that a third search warrant, for body samples, was deficient in that the state failed to comply with Minn.R.Crim.P. 9.02, subd. 2, which requires the giving of notice to defense counsel in certain situations in which body samples are taken from a defendant pursuant to court order. We

---

1. Defendant was likewise found guilty of murder in the third degree, Minn.Stat. § 609.195 (1982). He was not sentenced on this charge, apparently because it arose out of the same behavioral act. Minn.Stat. § 609.035 (1982).

2. The presumptive sentence for murder in the second degree for one with a criminal history score of 5 under the Minnesota Sentencing Guidelines is 284 months in prison. Under the Sentencing Guidelines, however, the trial judge could impose a sentence of 298 months without departing from the presumptive sentence.

hold (a) that the affidavit in support of the application for the first search warrant did establish that the informant's information was reliable on that occasion, *State v. Wiberg,* 296 N.W.2d 388 (Minn.1980), and (b) that the affidavit in support of the application for the second search warrant did establish a sufficient nexus between the object sought and the crime in that police justifiably believed that hairs from the wig might be found in a mask believed worn by the gunman and that defendant could thereby be further connected to the mask and then to the shooting.

■ A more difficult question is presented by defendant's claim that the search warrant for body samples was deficient because of failure to comply with Minn.R.Crim.P. 9.02, subd. 2, which generally requires the giving of notice to defense counsel in certain situations in which body samples are taken from an accused pursuant to court order.[3] It is arguable that under subdivision 2(5) the prosecutor did not have to notify defendant's counsel. Nevertheless, we are of the opinion that better practice as well as the wording and spirit of Rule 9.02 mandates that notice to defense counsel shall be provided, and that it was error here not to do so. However, we cannot see that defendant was prejudiced in this case. It is clear that had application been made to take samples of hair and saliva after notice to defense coun-sel, under the factual circumstances here existing, the court would have ordered the procedure Rule 9.02, subd. 2(1)(f). Moreover, unlike a lineup where the presence of defense counsel is usually necessary to help insure that it is conducted fairly, the taking of body samples is not the sort of procedure where the attorney can play such a role. Since undoubtedly the trial court, upon proper application after notice, would have ordered the taking of such samples, there was no prejudice to defendant.

■ Defendant also argues that the state failed to comply with the rules relating to the disclosure of exculpatory and inculpatory evidence. *See* Minn.R.Crim.P. 9. The most serious of these allegations refers to the state's delay, until the day before trial, in notifying defense counsel that a particular person had claimed he had seen a truck driving with its lights off in the vicinity of the restaurant shortly after the shooting. We agree with defendant that, under the circumstances, the prosecutor should have disclosed this information earlier. *See State v. Hall,* 315 N.W.2d 223 (Minn.1982); *State v. Schwantes,* 314 N.W.2d 243 (Minn.1982); and *State v. Zeimet,* 310 N.W.2d 552 (Minn.1981). Indeed, as our cases demonstrate, we would not hesitate to reverse on this ground if we concluded that the state's failure to comply with the discovery rules was prejudicial. However, in this case we agree with the

---

**3.** Minn.R.Crim.P. 9.02, subd. 2 provides, insofar as relevant to this case:

Subd. 2. Discovery Upon Order of Court.

(1) *Disclosures Permitted.* Upon motion of the prosecuting attorney with notice to defense counsel and a showing that one or more of the discovery procedures hereafter described will be of material aid in determining whether the defendant committed the offense charged, *the trial court at any time before trial,* or the county or municipal court, either when the defendant is admitted to bail or otherwise released, or at the Omnibus Hearing prescribed by Rule 11 may, subject to constitutional limitations, order a defendant to:

\*　\*　\*　\*　\*　\*

(f) *Permit the taking of samples of his blood, hair, saliva, urine, and other materials of his body which involve no unreasonable intrusion thereof;* provided, however, that the court shall not permit a blood test to be taken except upon a showing of probable cause to believe that the test will aid in establishing the guilt of the defendant;

\*　\*　\*　\*　\*　\*

(h) Submit to reasonable physical or medical inspection of his body.

(2) *Notice of Time and Place of Disclosures.* Whenever the personal appearance of the defendant is required for the foregoing purposes, reasonable notice of the time and place thereof *shall be given by the prosecuting attorney to defense counsel.*

\*　\*　\*　\*　\*　\*

(5) *Other Methods Not Excluded. The discovery procedures provided for by this rule do not exclude other lawful methods available for obtaining the evidence discoverable under the rule.*

(emphasis added).

state that defendant was not prejudiced by the delay. The witness—unlike a witness who testified for the state that he saw a car like defendant's car leaving the scene before the police arrived—apparently did not see the truck leaving the restaurant but saw it driving toward the restaurant and this was apparently well after the commission of the crime, when police were already on the scene.

Defendant's final claims of error relate to the admission of certain evidence—including morgue photographs of the victim and evidence tending to show that defendant may have been planning to flee—which defendant contends was irrelevant and/or unfairly prejudicial. Without discussing the claims in detail, we conclude that the trial court fully complied with Minn.R.Evid. 403, which governs the admission of evidence challenged on such a ground.

Affirmed.