STATE of Minnesota, Respondent,

v.

Steven Dean ADAMS, Appellant.

No. CX–96–277.

Court of Appeals of Minnesota.

Oct. 29, 1996.

Hubert H. Humphrey III, Attorney General, Paul R. Kempainen, Assistant Attorney General, St. Paul, for Respondent.

Donald R. Klosterbuer, Rock County Attorney, Luverne, for Respondent.

Lawrence W. Pry, Assistant State Public Defender, St. Paul, for Appellant.

Considered and decided by PETERSON, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's ruling on alleged discovery violations. We vacate the conviction, subject to reinstatement by the trial court, and remand for a hearing on the alleged violations.

## FACTS

A jury convicted appellant Stephen Dean Adams of two counts of criminal sexual conduct against his daughter's 13–year–old female friend. During trial, his counsel objected twice on the grounds that the prosecutor had failed to disclose the substance of oral statements. Both objections were overruled and the trial court refused to order the prosecutor to reveal the substance of two conversations: one between a prosecution witness and the prosecutor and one between a different prosecution witness and the sheriff.

The first objection came during the prosecutor's opening statement as he was summarizing the expected testimony of appellant's live-in girlfriend. At a bench conference, defense counsel argued that some (unspecified) portion of the anticipated testimony had not been disclosed. The prosecutor replied that he had provided the transcripts of the witness's formal interviews and that any other conversations were unrecorded and more or less repetitive of the recorded ones. The trial court overruled the defense's objection.

The defense made a second objection after completing cross-examination of the victim's father. During that examination, the witness answered in the affirmative when asked whether he had talked to the prosecutor and sheriff about the case. In a bench conference, defense counsel argued that the State had failed to disclose to defense counsel certain aspects of the father's statements to the sheriff and prosecutor. The prosecutor replied that he had no knowledge of discussions between the witness and the sheriff, but that such conversations were not unlikely in a town of 4,500 people. He further stated that the prosecution had no obligation to provide transcripts of conversations between the prosecutor and the witness. The defense agreed that a transcript was not required, but continued to assert that the State had improperly failed to provide information about the substance of the witness's statements.

■ After impliedly accepting the State's assertion that it had no knowledge of statements to the sheriff, the trial court ruled that any statements to the prosecutor would "under most circumstances * * * be attorney work product if they were made in the course of preparation for trial." The State now concedes that the court's work-product analysis may have been "stated * * * too broadly."[1]

The jury convicted appellant of two counts of criminal sexual conduct. On appeal, not having made a motion for a new trial, appellant requests a remand to the trial court for disclosure by the State of the substance of the witnesses' statements and for findings as to whether any nondisclosure prejudiced his defense.

## ISSUE

Did the trial court err in holding that the State did not violate the criminal discovery rules?

## ANALYSIS

Minn. R.Crim. P. 9.01, subd. 1(2), provides:

The prosecuting attorney shall disclose and permit defense counsel to inspect and reproduce any relevant written or recorded statements which relate to the case within the possession or control of the prosecution, the existence of which is known by the prosecuting attorney, and *shall provide defense counsel with the substance of any oral statements which relate to the case.*

(Emphasis added.) Minn. R.Crim. P. 9.01, subd. 1(7), provides:

The prosecuting attorney's obligations under this rule extend to material and information in the possession or control of members of the prosecution staff and of any others who have participated in the investigation or evaluation of the case and who either regularly report or with reference to the particular case have reported to the prosecuting attorney's office.

The goal of these rules is to provide "as complete discovery as is possible under constitutional limitations." Minn. R.Crim. P. 9 cmt.

■ We may not overturn a trial court's ruling on an alleged violation of discovery rules absent a clear abuse of discretion. *State v. Lindsey,* 284 N.W.2d 368, 373 (Minn. 1979).

In exercising this discretion the trial court should take into account the reason disclosure was not made, the extent of prejudice to the opposing party, the feasibility of rectifying the prejudice by a continuance, and any other relevant factors.

*State v. Ramos,* 492 N.W.2d 557, 559 (Minn. App.1992), *review denied* (Minn. Jan. 15, 1993). Generally, relief should be granted only if the defendant was prejudiced by the state's failure to comply with discovery rules. *State v. Dye,* 333 N.W.2d 642, 644–45 (Minn. 1983).

---

**1.** We note that the work-product doctrine is not applicable in these circumstances. *See State v. Galvan,* 374 N.W.2d 269, 270 (Minn.1985) (prosecutor's notes of conversations with witness on state's witness list are not work product and are discoverable under Minn. R.Crim. P. 9.01, subd. 1(1)(a), except to extent they disclose thoughts or opinions of prosecutor), *cert. denied,* 475 U.S. 1097, 106 S.Ct. 1496, 89 L.Ed.2d 897 (1986).

The State basically argues that any statements that the defense complains about are simply reiterations of the witnesses' statements in formal interviews, which were previously disclosed. There is no dispute that the State disclosed transcripts from those interviews. The State further argues that the defense made no motion for a continuance and thus cannot now complain of prejudice.

Appellant's objections were, however, flatly overruled. Although no formal motion for a continuance was made, the obvious motivation for the objections was to obtain disclosure before continuing with the trial.

■ The real problem here is that appellant's counsel had no way of knowing the precise substance of the statements he was complaining about. We agree with appellant's contention that he cannot show prejudice until he knows more about the substance of the undisclosed conversations. Further, without knowing their substance, the trial court, too, could only speculate as to whether the nondisclosure was prejudicial. We therefore vacate the conviction and remand to the trial court for a hearing at which the State must disclose the substance of the complained-of statements, if they exist, to enable the trial court to make findings as to whether the defense was prejudiced by their nondisclosure.

### DECISION

The conviction is vacated subject to reinstatement by the trial court after a hearing at which the substance of any statements is to be disclosed, with findings made as to their prejudicial effect, if any.

**Vacated and remanded.**