**STATE of Minnesota, Respondent,**

v.

**John Richard ROESCHELEIN, Appellant.**

No. A09–203.

Court of Appeals of Minnesota.

Dec. 29, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and Amy R. Brosnahan, Kanabec County Attorney, Reese Frederickson, Assistant County Attorney, Mora, MN, for respondent.

John R. Roeschelein, pro se appellant.

Considered and decided by SCHELLHAS, Presiding Judge; LARKIN, Judge; and HARTEN, Judge.*

## OPINION

SCHELLHAS, Judge.

Following a mistrial declared without his consent and a conviction in his retrial, appellant challenges the district court's denial of his motion to dismiss on the basis of double jeopardy. Because the district court did not consider less drastic alternatives when it declared a mistrial without the defendant's consent, we reverse.

## FACTS

On December 29, 2007, the state charged appellant John Richard Roeschelein with two counts of fourth-degree driving while impaired in violation of Minn. Stat. §§ 169A.20, subd. 1(5), and .27, subd. 1 (2006). With the advice of counsel, appellant waived his right to a jury trial and proceeded with a court trial on May 21, 2008.

At trial, appellant's counsel described the "main issue" as whether the state could prove appellant's alcohol concentration beyond a reasonable doubt and agreed to certain stipulated facts to "narrow the issue." The parties stipulated that: there was probable cause for appellant's arrest; "[appellant] was in physical control"; and appellant's conduct occurred in Kanabec County on or about the date of the charge. Appellant's counsel informed the district court that he would "be essentially directing the bulk of [his] arguments and legal objections to issues regarding the test," but that appellant did not "waive any other potential issue that may or may not arise."

Prior to taking testimony, the district court allowed appellant's counsel to raise "a number of legal challenges" to "give the Court a preview of what [he] anticipate[d] [his] objections to be." Appellant's counsel argued that (1) Minnesota Statutes, section 634.16 (2006), which makes the results of breath tests administered by trained officers admissible without antecedent expert testimony, is unconstitutional on separation-of-powers grounds and (2) the Bureau of Criminal Apprehension laboratory report, certifying the control solution for the breath-test equipment, is testimonial and therefore inadmissible unless the report's preparer is available for cross-examination.

The only witness at trial was the arresting officer, and, because of the parties' stipulations, the state started its examination of the officer "at a point where [the officer] actually arrested [appellant] and took him to the jail." The state elicited no testimony regarding appellant's conduct underlying the charge. The officer's testimony focused entirely on the implied-consent advisory and breath test. The dis-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

trict court conditionally admitted the breath-test results, pending its decision on appellant's legal arguments raised prior to testimony.

At the end of the trial, appellant moved for judgment of acquittal, arguing that there was no evidence that the breath-test result was produced within two hours of the time appellant was in physical control of the vehicle. The prosecutor countered that the state "was under the assumption that the stipulation was that [appellant] was in control, physical control, of the automobile at the time and then the test was taken within that time." Appellant's counsel replied that appellant had stipulated to physical control but not to "the *time* he was in physical control." (Emphasis added.) Following this exchange, the district court stated:

> I'm not satisfied with the way this case was presented. It almost has the flavor of trickery in the way it was presented and approached. I'm declaring a mistrial. I'm not satisfied with the procedure. I'm not satisfied that the stipulation was knowingly presented and agreed to on both sides. I'm not satisfied that the procedure contemplated was knowingly consented to by both sides.

Appellant's counsel argued that a mistrial on the court's own motion required manifest necessity, which was not present. But the district court concluded "that this has been presented in an unacceptable format that smacks of trickery and I am not satisfied with the process or procedure. I'm declaring it invalid and a mistrial." The court also noted that "it feels like a fraud upon the Court." The same day, the judge recused himself from further involvement in the case, which was reassigned to a different judge for a new trial.

On November 17, 2008, prior to the retrial, appellant moved for dismissal on the basis of double jeopardy. The district court denied the motion and conducted a retrial on November 20, 2008. On January 5, 2009, the district court convicted appellant of both counts. This appeal follows.

## ISSUE

Does double-jeopardy bar retrial of a defendant when the district court declares a mistrial sua sponte without the defendant's consent and without considering less drastic alternatives?

## ANALYSIS

■ Appellate courts generally review double-jeopardy issues de novo. *State v. Gouleed,* 720 N.W.2d 794, 800 (Minn.2006). But decisions to declare a mistrial sua sponte without the defendant's consent are reviewed for an abuse of discretion. *Id.* Because the district court is best situated to decide whether a mistrial is necessary, we "accord the highest degree of respect" to the district court's decision. *State v. Long,* 562 N.W.2d 292, 296 (Minn.1997) (quotation omitted). We will not reverse merely because another judge might have made a different decision under the same circumstances. *Id.* at 297–98. But a district court's discretion "is not unbridled; it must be used with caution and only to serve the ends of public justice." *Id.* at 296 (quotation omitted). Our review is "rigorous, because a constitutionally protected interest of the defendant is implicated by mistrial." *Gouleed,* 720 N.W.2d at 800.

■ The United States and Minnesota Constitutions prohibit trying a defendant twice for the same crime. U.S. Const. amend. V; Minn. Const. art. I, § 7. In a trial to the court, jeopardy attaches when the first witness is sworn. *State v. Bouwman,* 354 N.W.2d 1, 7 (Minn.1984). Under certain circumstances, the court

may abort the proceedings and retry the defendant without violating the protection against double jeopardy. *State v. McDonald,* 298 Minn. 449, 452, 215 N.W.2d 607, 609 (1974). But a criminal defendant who objects to the declaration of a mistrial may be retried only if "there was a 'manifest necessity' for the mistrial or the ends of public justice would otherwise be defeated." *Gouleed,* 720 N.W.2d at 800 (quoting *Illinois v. Somerville,* 410 U.S. 458, 461, 93 S.Ct. 1066, 1069, 35 L.Ed.2d 425 (1973)). The manifest-necessity standard is flexible, and fact intensive, and "seeks to achieve fairness for the prosecution, the defendant, and the public interest." *Id.* "A high degree of necessity—not absolute necessity—must exist before a mistrial is appropriate." *Id.* (quotation omitted).

Although Minnesota appellate courts have not established "clear-cut guidelines as to what constitutes manifest necessity," on review, one consideration is "whether the court adequately assessed less drastic alternatives." *Long,* 562 N.W.2d at 296. We also examine whether the district court gave "careful consideration to the defendant's interest in having the trial concluded in a single proceeding." *Id.* (quotation omitted).

In *Long,* a police sergeant prepared an 11–line written report and an audiotape of his interview with the defendant, who was arrested for stabbing her husband. *Id.* at 293. The state only produced the written report, and the defendant did not know about the tape. *Id.* At trial, the defendant testified that she did not remember certain statements that she allegedly made during the interview. *Id.* at 294. The defendant and the district court became aware of the tape only after the defense rested and the state called the sergeant as a rebuttal witness. *Id.* Upon reviewing the tape, the court noted that it contained statements that were potentially inconsistent with the defendant's testimony. *Id.* at 295. Based on the state's late disclosure of the tape, the defendant moved to exclude the sergeant's testimony or to limit it to the contents of his 11–line report, but the district court denied the motions, stating that the defendant's only remedy may be a mistrial. *Id.* at 294–95. The court reasoned that the case turned on credibility, and

> had the tape been available prior to trial for [the defendant] to review and listen to . . . that may have jogged her memory and would have allowed her to testify accordingly. If it had not jogged her memory . . . she would at least know what she had said in her own voice at the time, and it's unlikely that she would have contradicted herself.

*Id.* at 295. The defendant objected to the mistrial and wanted to let the jury hear the tape and evaluate it. *Id.* The court sua sponte declared a mistrial and denied defendant's motion to dismiss based on double jeopardy. *Id.*

This court reversed the district court, and the supreme court reversed this court and remanded, holding that the district court did not abuse its discretion by declaring a mistrial and that double jeopardy did not bar retrial of the defendant. *Id.* at 297. The supreme court noted that the district court "engaged in a thorough review of alternatives," and that the "thoughtfulness of the judge's decision [was] further evidenced by his subsequent written decision," in which the judge concluded that several factors mandated a mistrial. *Id.* The supreme court observed that the district court "clearly considered less drastic alternatives to mistrial and concluded that the ends of public justice would not be served unless a mistrial was

declared." [1] *Id.*

Unlike in *Long*, the record in this case does not reflect that the district court considered less drastic alternatives to mistrial or appellant's interest in concluding the case in a single proceeding. In response to the suggestion of appellant's counsel that a mistrial required a finding of manifest necessity, the court reviewed its perceived problems with the course the trial had taken and stated that: the case had been "presented in an unacceptable format"; it "smack[ed] of trickery"; the court was "not satisfied with the process or procedure"; and the way the case had been presented felt "like a fraud upon the court." The record does not reflect that the court considered the possibility of remedies short of mistrial to address its concerns about the trial, nor did the court ask counsel for suggestions about addressing its concerns. But we conclude that the court could have considered a less drastic alternative of permitting the state to reopen its case to elicit additional testimony from the officer. *See State v. Daniels,* 361 N.W.2d 819, 831 (Minn.1985) (noting that it is generally within the district court's discretion to allow a party to reopen its case); *State v. Berg,* 326 N.W.2d 14, 16 (Minn. 1982) (stating that the district court's decision to allow the prosecution to reopen its case was not prejudicial error). But, before declaring the mistrial in this case, the district court did not consider this or any other less drastic alternative. And while we do not hold that a district court must issue a written decision addressing less drastic alternatives before declaring a mistrial, we note that in this case we do not have the benefit of a written order to review.

We recognize that the district court is in the best position to evaluate the need for a mistrial and it may be that, for reasons unknown to this court, no less drastic alternatives to mistrial would have been effective. But we cannot conclude that a mistrial was manifestly necessary when the defendant did not consent to a mistrial and the district court did not consider less drastic alternatives.

## DECISION

The district court abused its discretion by declaring a mistrial sua sponte without appellant's consent and without considering less drastic alternatives. The district court therefore erred in denying appellant's motion to dismiss under the double-jeopardy clauses of the United States and Minnesota Constitutions.

**Reversed.**

1. We are not bound to follow Eighth Circuit precedent, *Northpointe Plaza v. City of Rochester,* 457 N.W.2d 398, 403 (Minn.App.1990), *aff'd,* 465 N.W.2d 686 (Minn.1991), *cited with approval in Moreno v. Crookston Times Printing Co.,* 610 N.W.2d 321, 330 (Minn.2000), but we note that the Eighth Circuit reversed the federal district court's denial of Long's petition for a writ of habeas corpus in *Long v. Humphrey,* 184 F.3d 758 (8th Cir.1999). The Eighth Circuit stated that "the critical inquiry is whether less drastic alternatives were available" and concluded that they were available. *Long v. Humphrey,* 184 F.3d at 761.