STATE of Minnesota, Respondent,

v.

Quintin Lynn THOMAS, Appellant.

A15-0708

Supreme Court of Minnesota.

Filed: March 22, 2017

Lori Swanson, Attorney General, Saint Paul, Minnesota; and Gunnar B. Johnson, Duluth City Attorney, Joanne R. Piper-Maurer, Marcus E. Jones, Assistant City Attorneys, Duluth, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

## OPINION

GILDEA, Chief Justice.

The question presented in this case is whether a district court may allow the State to reopen its case-in-chief before ruling on the defendant's motion for judgment of acquittal made at the close of the State's case. After the State rested, appellant Quintin Lynn Thomas made a motion for judgment of acquittal, arguing that there was insufficient evidence to convict him of the charged offense. In response, the State asked to reopen its case-in-chief. The district court granted the State's request before considering Thomas' motion for judgment of acquittal. After granting the State's request to reopen, the court denied Thomas' motion for judgment of acquittal and the jury found Thomas guilty. Because we conclude that the district court did not err when it granted the State's motion to reopen its case-in-chief before considering Thomas' motion for judgment of acquittal, we affirm.

## FACTS

Thomas was arrested for being in physical control of a motor vehicle while under the influence of alcohol. Around 4 a.m., a police officer noticed a pickup truck with its engine running. When the officer approached the truck, he found Thomas asleep in the front seat, with the keys in the ignition and the engine running. The officer woke Thomas and observed indicia of intoxication. He asked Thomas to perform field sobriety tests, which Thomas did not pass. The officer arrested Thomas and took him to the police station, where another officer administered a breath test

that showed Thomas' blood alcohol concentration at .16 just before 5 a.m.

The State charged Thomas with gross misdemeanor second-degree driving while impaired, Minn. Stat. § 169A.25, subd. 1(a) (2016) (defining second-degree driving while impaired as operating or being in physical control of a motor vehicle within two hours of having a blood alcohol concentration of .08 or more if the offense is committed within 10 years of "two or more aggravating factors").[1] According to the State, Thomas' offense was a gross misdemeanor because Thomas committed the current offense within 10 years of his commission of two qualifying prior impaired driving incidents. *See* Minn. Stat. § 169A.03, subd. 3 (2016).[2] Specifically, the State relied on Thomas' 2007 Minnesota loss of license, related to impaired driving, and his 2006 Wisconsin conviction for operating a vehicle while intoxicated.

Thomas pleaded not guilty and his case went to trial. During pre-trial proceedings, defense counsel advised Thomas to stipulate to the two prior impaired driving incidents, explaining on the record that the State would likely be able to establish those incidents. Defense counsel showed Thomas certified copies of his driving record, which included the 2007 loss of license, and a certified copy of his 2006 Wisconsin conviction. The State premarked the certified copies as Exhibits 2 and 3. Thomas declined to stipulate to the prior incidents. In the same pre-trial proceeding, the State agreed to redact certain portions of the certified copies.

The matter then proceeded to trial. The State presented its case-in-chief, calling two witnesses—the police officers involved in the case—to show that Thomas was in physical control of a motor vehicle within 2 hours of having a blood alcohol concentration of .08 or more. But the State rested without offering the certified copies showing Thomas' prior impaired driving incidents.

■ Outside the jury's presence, Thomas made a "motion for a directed verdict to the charge of second degree DWI."[3]

1. The State charged Thomas with two other counts that are not relevant to this appeal.

2. This statute defines an "aggravating factor" under Minn. Stat. § 169A.25, subd. 1(a), as including "a qualified prior impaired driving incident within the ten years immediately preceding the current offense." And "qualified prior impaired driving incident[s]" include "prior impaired driving convictions and prior impaired driving-related losses of license." Minn. Stat. § 169A.03, subd. 22 (2016).

3. We have previously observed that a motion for a directed verdict is "procedurally equivalent" to a motion for judgment of acquittal. *State v. Slaughter*, 691 N.W.2d 70, 74 (Minn. 2005). The State does not challenge this legal principle. Instead, the State argues that Thomas' motion is more accurately described as a motion for insufficient evidence of an aggravated sentence under Minn. R. Crim. P. 26.03, subd. 18(1)(b). The State is incorrect. Thomas' motion is a motion for judgment of acquittal. A motion for judgment of acquittal seeks to dismiss a charge when the State fails to prove an element of the offense. *See id.*, subd. 18(1)(a) ("[T]he defendant may move for ... judgment of acquittal on one or more of the charges if the evidence is insufficient to sustain a conviction."). A motion for insufficient evidence for an aggravated sentence, on the other hand, is a motion to withdraw an aggravating sentencing factor from consideration by the jury. *See id.*, subd. 18(1)(b) ("The defendant may move ... that any aggravating factors be withdrawn from consideration by the jury if the evidence is insufficient to prove them."). We have already determined that when prior impaired driving incidents are used to establish the aggravating factors for conviction of second-degree driving while impaired, they are elements of the offense. *See State v. Berkelman*, 355 N.W.2d 394, 395 (Minn.1984). Because Thomas argued that the State failed to prove an element of his second-degree offense, his motion is one for judgment of acquittal.

Thomas argued that there was insufficient evidence to convict him of the charged offense without the certified copies showing the prior incidents. The prosecutor responded that she had the certified copies "here." The district court ordered a short recess to look into case law on "this very issue."

When the proceedings resumed, the State asked to reopen its case-in-chief to offer the certified copies into evidence in accordance with Minn. R. Crim. P. 26.03, subd. 12(g), which provides that "[i]n the interests of justice, the court may allow any party to reopen that party's case to offer additional evidence." Defense counsel agreed that "a motion to reopen for submission of additional evidence is addressed to the discretion of the trial court," but argued that it did not serve the interests of justice to allow the State to reopen its case when the State realized its mistake only because of Thomas' motion for judgment of acquittal.

After hearing from both sides, the district court granted the State's motion to reopen. The court relied on case law and the Minnesota Rules of Criminal Procedure to conclude that it had the discretion to allow the State to reopen its case-in-chief to submit the omitted evidence. The court reasoned that Thomas had ample notice that his 2007 loss of license and 2006 prior conviction were going to be part of the case against him, and that the State failed to offer the evidence through inadvertence. Having granted the State's motion to reopen, the court indicated that it was denying Thomas' motion for acquittal "at this point on that basis."

The State then offered the certified copies showing Thomas' prior impaired driving incidents, which the district court received without objection. The State rested once again. Thomas indicated on the record that he would not have presented a defense had the district court granted his motion for judgment of acquittal. But given that the district court denied the motion, Thomas chose to testify.

Thomas told the jury that the evening before his arrest, he went to a funeral and then to a bar, where he drank three or four whiskeys with a beer chaser. While at the bar, he received a call around midnight asking him to make repairs to a pickup truck a few blocks away. After he made the repairs, his pre-arranged ride did not arrive and his cell phone died. He stood outside until he got cold, and then got into the truck and fell asleep. He awoke a few hours later and felt cold, so he started the truck for heat and fell asleep in the driver's seat, which is where the police officer found him around 4 a.m.

The jury found Thomas guilty as charged. The district court convicted Thomas and stayed execution of his 365-day sentence for 2 years. Thomas appealed from the judgment of conviction, challenging the district court's decision to allow the State to reopen its case before considering his motion for judgment of acquittal. The court of appeals affirmed. *State v. Thomas*, 882 N.W.2d 640, 648-49 (Minn.App.2016). The court of appeals concluded that the district court did not err when it granted the State's motion to reopen its case-in-chief before considering Thomas' motion for judgment of acquittal. *Id.* at 647. We granted Thomas' petition for review.[4]

## ANALYSIS

Thomas argues that the district court erred when it allowed the State to reopen

---

4. Thomas did not seek review of the court of appeals' conclusion that the district court did not abuse its discretion when it instructed the jury that the police officer who testified about the operation of the breath-testing machine was an expert.

its case-in-chief before considering his motion for judgment of acquittal at the close of the State's case. Thomas' argument has two parts. Thomas first contends that under Minn. R. Crim. P. 26.03, subd. 18(1), the district court was required to immediately rule on his motion for judgment of acquittal before considering the State's motion to reopen its case-in-chief. Next, he argues that even if the district court was not required to immediately rule on his motion for judgment of acquittal, the court abused its discretion under Minn. R. Crim. P. 26.03, subd. 12(g), when it allowed the State to reopen its case-in-chief in response to his motion for judgment of acquittal.[5] We consider each argument in turn.

### I.

■■■ Thomas argues that Minn. R. Crim. P. 26.03, subd. 18, required the district court to immediately rule on his motion for judgment of acquittal before considering the State's motion to reopen its case-in-chief. We interpret rules of procedure de novo and "follow a rule's plain language when it is unambiguous." *State v. Lugo*, 887 N.W.2d 476, 482 (Minn.2016). The rules must be read as a whole, *State v. Underdahl*, 767 N.W.2d 677, 682 (Minn. 2009), and "in light of one another," *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn.2008). We do not "add words or phrases to unambiguous statutes or rules." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604 (Minn.2014).

Under Rule 26.03, subdivision 18(1)(a), "[a]t the close of evidence for either party, the defendant may move for ... a judgment of acquittal on one or more of the charges if the evidence is insufficient to sustain a conviction." A court's ability to reserve its ruling on such a motion depends on whether the motion is made at the close of the State's case or at the close of the defendant's case. When the defendant makes a motion for acquittal at the close of the State's case, "the court must rule on the motion." Minn. R. Crim. P. 26.03, subd. 18(2). But when the defendant's motion is made at the close of the defendant's case, "the court may reserve ruling on the motion, submit the case to the jury, and rule before or after verdict." *Id.* Because the court is able to "reserve" ruling on the motion only when the motion is made at the close of the defendant's case, Thomas argues that the court had no authority to defer ruling on his motion, which was made at the close of the State's case. And, focusing on the phrase "must rule on the motion," Thomas contends that the plain language of Minn. R. Crim. P. 26.03, subd. 18(2), requires a district court to immediately rule on a motion for judgment of acquittal made at the close of the State's case before ruling on the State's motion to reopen. We disagree.

■■■ Thomas is essentially asking us to read the word "immediately" into the phrase "must rule on the motion." But we are not permitted to add words or phrases to the text of an unambiguous rule. *Walsh*, 851 N.W.2d at 604. Reading the two sentences of subdivision 18 together, it is clear that the district court cannot reserve ruling on a motion for judgment of acquittal that is made at the close of the State's case

---

**5.** Thomas also argues that there is a conflict between the rule governing motions to reopen, Minn. R. Crim. P. 26.03, subd. 12(g), and the rule governing motions for acquittal, *id.*, subd. 18, and he contends that the more "specific" provision should control. More precisely, Thomas contends that a rule allowing a party to reopen its case conflicts with the "specific" requirement that the district court rule on a motion for judgment of acquittal. But there is no conflict present here. As our decision today indicates, the district court could properly rule on both motions without running afoul of either rule.

until after the defense has offered evidence. Put differently, the phrase "must rule on the motion" requires that a court rule on the defendant's motion before moving on to the next stage of the trial. *See State v. Penkaty*, 708 N.W.2d 185, 208 (Minn.2006) (noting that district courts are to rule "promptly" on motions for judgment of acquittal and holding that the district court erred when it reserved ruling on the defendant's motion for acquittal, which was made at the close of the State's case, until after the defendant had presented his case). But the rule says nothing about whether the district court may, as the district court did here, first decide whether to permit the State to reopen its case. In other words, the rule does not address the order in which the district court was required to address the two motions made in this case.

Moreover, requiring the district court to rule on the motion for judgment of acquittal before ruling on the State's motion to reopen is not necessary to accomplish the purpose of Minn. R. Crim. P. 26.03, subd. 18(2), at least not as the motion for acquittal was presented here. Subdivision 18(2) prohibits "reserving ruling on a motion to acquit" made at the close of the prosecution's case.[6] *State v. Slaughter*, 691 N.W.2d 70, 75 (Minn.2005). In *Slaughter*, we explained that "[g]iven the presumption of innocence and the state's burden to prove the offense, a defendant has no obligation to present any evidence and should not be put at risk of providing evidence that fills gaps in the state's case." *Id.* In other words, we prohibit a district court from reserving its ruling on a motion for judgment of acquittal made at the close of the State's case to protect the defense from having to come forward with evidence that would "fill[ ] gaps" in the State's case. *Id.* In this case, the district court's decision to rule on the State's motion to reopen before ruling on the defendant's motion for judgment of acquittal did not have that effect.

■ In sum, Minn. R. Crim. P. 26.03, subd. 18(2), requires a court to rule on the defendant's motion for judgment of acquittal when it is made at the close of the prosecution's case. But neither the plain language of the rule nor our case law requires the district court to rule on the motion for acquittal before considering a motion to reopen the State's case. *Cf. Slaughter*, 691 N.W.2d at 76 (considering, at the close of the State's case, defendant's motion for acquittal and ordering inclusion of an uncharged lesser-included offense). We therefore hold that the district court did not err when it ruled on the State's motion to reopen its case-in-chief before it ruled on Thomas' motion for judgment of acquittal.[7]

---

**6.** When *Slaughter* was decided, the subdivision in question was numbered 17(2). At that time, the rule read: "If the defendant's motion is made at the close of the evidence offered by the prosecution, the court may not reserve decision of the motion." There is no indication that the change in language was meant to effect a substantive change in the rule.

**7.** As part of his argument, Thomas contends that at the time he made his motion, the court had no legal basis to deny his motion for judgment of acquittal because there was no evidence of his two prior impaired driving incidents in the record. We agree that a district court may deny a motion for judgment of

acquittal only if the evidence is sufficient to present a fact question for the jury's determination. *Slaughter*, 691 N.W.2d at 74-75. As we make clear today, however, the court was not required to immediately rule on Thomas' motion before considering the State's motion to reopen. Here, the court denied Thomas' motion *after* the court allowed the State to reopen its case-in-chief to submit the certified copies into evidence. In denying the motion, the court used the phrase "at this point on that basis," acknowledging the imminent and certain act of submitting the certified copies into evidence. Although the better practice would have been for the district court to wait

## II.

Having concluded that the district court did not err when it ruled on the State's motion to reopen its case-in-chief before it considered Thomas' motion for judgment of acquittal, we next consider whether the district court abused its discretion in this case when it allowed the State to reopen its case-in-chief in response to Thomas' motion for judgment of acquittal. Minnesota Rule of Criminal Procedure 26.03, subd. 12(g), governs motions to reopen and states that "[i]n the interests of justice, the court may allow any party to reopen that party's case to offer additional evidence." This rule gives the district court broad discretion to reopen either side's case. *See State v. Berg*, 326 N.W.2d 14, 16 (Minn.1982) (holding that the district court did not abuse its discretion by allowing the prosecutor to reopen its case-in-chief and to call a witness discovered after the defense had rested); *State v. Jouppis*, 147 Minn. 87, 179 N.W. 678, 679 (1920) (explaining that allowing a party to reopen its case and present further evidence after it has rested is generally within the discretion of the trial court). As a result, we review "the disposition of a party's request to reopen its case after the party has rested under an abuse-of-discretion standard." *State v. Caine*, 746 N.W.2d 339, 353 (Minn.2008). A court abuses its discretion when its decision is based on an "erroneous view of the law" or is "against logic and the facts in the record." *Riley v. State*, 792 N.W.2d 831, 833 (Minn.2011).

In *Caine*, we considered whether the district court abused its discretion in denying the defense request to reopen. 746 N.W.2d at 353. As part of our analysis, we set out the principles Minnesota courts have used in considering motions to re-

open. *Id.* Specifically, we enumerated three considerations to guide a court's discretion in ruling on a motion to reopen: (1) when the request was made; (2) whether the evidence was material, not cumulative, and concerned a controlling issue; and (3) whether there was an improper purpose for failing to produce the evidence earlier. *Id.* (citing *Jouppis*, 179 N.W. at 679). Thomas urges us to deviate from *Caine* and to adopt the approach of the Connecticut Supreme Court in *State v. Allen*, 205 Conn. 370, 533 A.2d 559 (1987).

In *Allen*, the Connecticut Supreme Court concluded that the district court abused its discretion by allowing the State to reopen its case-in-chief after the defendant had identified missing evidence in his motion for judgment of acquittal. *Id.* at 565-66. In reversing Allen's conviction, the Connecticut Supreme Court grounded its analysis in the requirement that the State establish a prima facie case with its own evidence before the defendant is required to put on a defense. *Id.* The court in *Allen* emphasized that had the defendant remained silent until after the verdict had been rendered, the missing evidence would have required a post-verdict judgment of acquittal or reversal of the conviction on appeal. *Id.* at 563. Instead, by bringing the lack of evidence to the attention of the State, the defendant was harmed by his diligence because the State used the reopening to supply the missing element of the offense. *Id.* The Connecticut Supreme Court concluded that allowing the State to reopen would make motions for judgment of acquittal a "dead letter." *Id.* Where the defendant specifically identifies an evidentiary gap, then, the court concluded that allowing the State to reopen its case is an abuse of discretion. *Id.* at 566.

---

until the State's submission was complete before issuing its ruling on Thomas' motion, a conclusion that the court committed revers-

ible error under these facts would place form over substance.

According to Thomas, adopting the approach taken in *Allen* will promote fairness and conserve judicial resources by encouraging defendants to promptly bring gaps in the State's case to the attention of the trial court. But the Minnesota Rules of Criminal Procedure do not support adopting the *Allen* rule. The language of Minn. R. Crim. P. 26.03, subd. 12(g), contains no suggestion that motions to reopen made in response to motions for judgment of acquittal, even when the omitted evidence goes to an element of the offense, should be treated differently. In fact, the rule is written broadly, allowing the district court to look to "the interests of justice" in considering motions to reopen brought by "any party" that is seeking to introduce "additional evidence." *Id.*

Adopting the *Allen* approach would also create a rigid, per se rule that a district court may not allow the State to reopen its case when the defendant has first made a motion for judgment of acquittal and identified the specific evidentiary gap for the State. Such a rule would promote "a sort of 'gotcha' principle of law." *People v. Whipple*, 97 N.Y.2d 1, 734 N.Y.S.2d 549, 760 N.E.2d 337, 340 (2001) (rejecting an *Allen*-like approach, and instead holding that, under the facts before it, the district court did not err by allowing the prosecutor to reopen its case in response to defendant's motion for acquittal). It would also infringe on the district court's discretion to manage criminal trials. *See State v. Blom*, 682 N.W.2d 578, 609 (Minn.2004) ("As a general matter, courts are vested with discretion in managing trials."). Fi-

nally, the rigid *Allen* rule does not comport with the general purposes of the Minnesota Rules of Criminal Procedure. *See* Minn. R. Crim. P. 1.02 ("[The Rules of Criminal Procedure] are intended to provide a just determination of criminal proceedings, and ensure a simple and fair procedure that eliminates unjustified expense and delay.") Here, the *Allen* approach would penalize the State for an oversight when the evidence is material, known by both parties, readily at hand, and presentable in only a few minutes. Such a result would not eliminate unjustified expense and delay. Our rules, therefore, do not provide support for adopting the *Allen* approach.[8]

■ Rather than adopt *Allen*, we reaffirm the *Caine* factors. Applying the *Caine* factors, we conclude that the district court did not abuse its discretion by allowing the State to reopen its case. As to the first *Caine* factor, the district court concluded that the State's request to reopen was made immediately after it rested and Thomas moved for judgment of acquittal, but before Thomas began the presentation of the defense case. The State did not delay in making its motion. With respect to the second factor, the certified copies listing Thomas' prior impaired driving incidents were material, not cumulative, and relevant to a controlling issue. Finally, Thomas was not surprised by the evidence. Thomas had ample notice that evidence of his prior impaired driving incidents would be part of the case against him because his counsel advised him of that fact at the pretrial hearing. Thomas was given a chance

---

**8.** The district court can address the policy concerns the Connecticut Supreme Court discussed in *Allen*, 533 A.2d at 563-66, when it determines whether reopening a case would be in the "interests of justice." Minn. R. Crim. P. 26.03, subd. 12(g). Despite Thomas' assertion to the contrary, motions for judgment of acquittal would still be viable because the district court could, in its discretion, deny the State's motion to reopen when such relief would not be in the interests of justice. *See Whipple*, 734 N.Y.S.2d 549, 760 N.E.2d at 341 ("Leave to reopen remains, of course, a precarious dispensation upon which counsel rely at their peril.").

to see the documents at issue, which were pre-marked as trial exhibits, and his counsel and the State agreed on portions of the documents to redact. When the exhibits were offered, Thomas did not object to their admission. Thomas also did not demonstrate that the State had any improper purpose for failing to produce the evidence earlier.[9] To the contrary, the record establishes that the State's failure to offer the documents was inadvertent.

Based on our analysis, we hold that, under the circumstances of this case, the district court did not abuse its discretion when it permitted the State to reopen its case-in-chief.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

---

9. Although Thomas challenged this point in his brief to our court, he conceded at oral argument that the State did not have an improper purpose for failing to introduce the evidence earlier.